**DUANE MORRIS LLP**
Cyndie M. Chang (SBN 227542)
  CMChang@duanemorris.com
865 South Figueroa Street, Suite 3100
Los Angeles, CA 90071-5450
Telephone: (213) 689-7400
Fax: (213) 689-7401

Mark Holscher (SBN 139582)
  mark.holscher@kirkland.com
Kristin Rose (SBN 278284)
  kristin.rose@kirkland.com
**KIRKLAND & ELLIS LLP**
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff*
Thai Nippon Rubber Industry Public Limited Company

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
  Marshall M. Searcy III (SBN 169269)
  marshallsearcy@quinnemanuel.com
  Scott B. Kidman (SBN 119856)
  scottkidman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Defendants*
Playboy Enterprises International, Inc. and Products Licensing, LLC

**HINSHAW & CULBERTSON LLP**
Gary E. Devlin
  gdevlin@hinshawlaw.com
350 South Grand Avenue, Suite 3600
Los Angeles, CA 90071
Telephone: 310-909-8017
Facsimile: 310-909-8001

*Attorney for Defendant Nicholai Allen*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAI NIPPON RUBBER INDUSTRY PUBLIC LIMITED COMPANY,<br><br>         Plaintiff,<br><br>   v.<br><br>PLAYBOY ENTERPRISES INTERNATIONAL, INC., PRODUCTS LICENSING, LLC, and NICHOLAI ALLEN<br><br>         Defendants. | Case No. 2:21-cv-09749<br><br>The Honorable John F. Walter<br><br>**JOINT REPORT FOLLOWING MEETING OF COUNSEL PURSUANT TO FED. R. CIV. P. 26(f)**<br><br>Judge:          Hon. John F. Walter<br>Hearing Date: May 2, 2022<br>Time:           1:15 p.m.<br>Location:      350 W. 1st Street<br>                    Los Angeles CA 90012,<br>                    Courtroom 7A |

DM3\8648355.1

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's Standing Order, Plaintiff Thai Nippon Rubber Industry Public Limited Company ("TNR" or "Plaintiff"), Defendants Playboy Enterprises International, Inc. and Products Licensing, LLC (collectively "Playboy"), and Defendant Nicholai Allen ("Allen") through their respective counsel, hereby submit the following joint Rule 26(f) report. The parties' discussion is reflected in this report.

## I.   CONFERENCE OF PARTIES

The conference of parties occurred on April 11, 2022 and continued through April 15, 2022, pursuant to Federal Rule of Civil Procedure 26(f) and this Court's standing order.[1]

## II.   JURISDICTION, VENUE, AND PARTIES TO BE SERVED.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) based on diversity of citizenship between Plaintiff and Defendants. The amount in controversy, without interests and costs, exceeds $75,000. Venue lies in the Central District of California pursuant to 28 U.S.C. § 1391(b) and (c).

The parties agree that there are no issues regarding personal jurisdiction, venue, or service.

## III.   CONCISE STATEMENT OF THE FACTUAL AND LEGAL BASES OF THE CLAIMS AND DEFENSES

The parties each provide a concise statement of the factual and legal bases of their respective claims and defenses, without agreeing to the statement provided by the other side.

/ / /

/ / /

---

[1]   Counsel for Defendant Nicholai Allen, who was first named in Plaintiff's First Amended Complaint filed on March 16, 2022, had not yet appeared in the case at the time TNR and Playboy conferred on April 11, 2022. After appearing in the case on April 12, 2022, Allen subsequently conferred with Plaintiff and provided input as reflected in Sections III and IV of this report.

Plaintiff's Statement:

Plaintiff asserts claims for violations of the California's Franchise Investment Law (Corporations Code § 31000 *et seq.*) and California's Franchise Relations Act (Corporations Code § 20000 *et seq.*), breach of contract, breach of the implied covenant of good faith and fair dealing, violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200), intentional interference with contractual relations, intentional interference with prospective economic relations, negligent interference with prospective economic relations, fraudulent inducement to contract, and conversion. On April 1, 2010, Playboy entered into a Product License Agreement ("PLA") with non-party United Medical Devices, LLC ("UMD"), which granted UMD the right to design, manufacture, advertise, promote, sell and distribute condoms bearing Playboy's mark. In April 2018, UMD assigned its rights under the PLA to TNR pursuant to a Sale and Purchase Agreement ("SPA"). TNR, Playboy, and UMD thereafter entered into a Novation Agreement, under which the parties agreed to novate the PLA such that UMD's rights and obligations under the PLA were transferred to TNR. Under the PLA, Playboy therefore granted TNR, by way of a novation from UMD, the right to design, manufacture, advertise, promote, sell, and distribute condoms bearing Playboy's mark in an area covering more than 180 countries (the "Territory"). TNR invested tens of millions of dollars to obtain and maintain its license with Playboy for sexual wellness products—specifically, condoms and lubricants. Thereafter, however, Playboy undertook a campaign to move Playboy away from its historic magazine business and to retake its license and ability to sell condoms and lubricants bearing Playboy's mark in the Territory. Among other things, Playboy surreptitiously retained TNR's agent, Nicholai Allen, to work for Playboy, paid off and incentivized TNR's agent for TNR's proprietary information, misappropriated TNR's funds to pay for Playboy's sexual wellness operations, misled TNR into narrowing its license, and terminated TNR for pretextual reasons. Plaintiff asserts that it has suffered more than $100 million in damages caused by Playboy's conduct.

Playboy's Statement:

Playboy denies the allegations in Plaintiff's complaint and contends that Plaintiff, not Playboy, breached the agreements between the parties. Playboy will assert counterclaims against Plaintiff for breach of contract, trademark infringement, and an accounting. During the course of its tenure as licensee under the PLA, TNR serially breached its obligations by, among other things, failing to receive required approvals from Playboy, failing to comply with its obligations for marketing and advertising, engaging in unapproved sublicensing schemes, distributing and selling unapproved and/or defective products, and failing to make accurate royalty payments to Playboy as required under the PLA. These breaches meant that TNR's use of the Playboy trademarks exceeded the scope of the license, and thus constituted trademark infringement under Section 32 of the Lanham Act. Playboy is entitled to an accounting of all profits or gains TNR made as a result of its infringing acts. Playboy alleges that it has suffered damages as a result.

With respect to co-Defendant Nicholai Allen, Playboy denies ever incentivizing Allen for TNR's proprietary information or misappropriating TNR's funds to pay for Playboy's sexual wellness operations. In addition, as will be the subject of Playboy's motion to dismiss, all of Plaintiff's non-contractual causes of action fail to state a claim as a matter of law.

Defendant Allen's Statement:

Defendant Allen has only recently been named as an active party to this case via Plaintiff's operative First Amended Complaint. Thus, Defendant Allen has not yet had an opportunity to fully digest the facts and circumstances of this case including the allegations and claims asserted against him at this time. Defendant Allen will correspond with counsel for Plaintiff and Defendant Playboy as soon as practical concerning his position in response to the issues and proposed deadlines described in this report. Defendant Allen anticipates he will be ready to do same on or before May 12, 2022 when his responsive pleading is due.

JOINT REPORT FOLLOWING MEETING OF COUNSEL PURSUANT TO FED.R.CIV.P. 26(f)
DM3\8648355.1

## IV. PRIOR, PENDING, AND ANTICIPATED MOTIONS.

Plaintiff's Statement:

Plaintiff has not filed any motions, and none are pending. To the extent Playboy or Allen assert counterclaims, depending on the substance of those counterclaims Plaintiff may file a motion or partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Playboy's Statement:

Playboy will file a partial motion to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion seeks dismissal of all of Plaintiff's causes of action except its breach of contract based causes of action, claims number three and four. Plaintiff's intentional interference with contract, intentional interference with prospective economic advantage and conversion claims are barred as a matter of law under various rules of law including the economic-loss doctrine. Furthermore, the Plaintiff has not stated cognizable causes of action for its franchise law related claims, fraudulent inducement claim, and conversion claim. Given that this is Plaintiff's second chance to adequately plead its claims, Playboy will seek dismissal of these causes of action with prejudice.

Defendant Allen's Statement:

Defendant Allen has only recently been named as an active party to this case via Plaintiff's FAC. Therefore, Defendant Allen is uncertain at this time the form of his responsive pleading, which is due May 12, 2022.

## V. ADDITIONAL PARTIES/AMENDING PLEADINGS.

The parties propose a deadline of July 1, 2022, for amendment of pleadings.

## VI. STATUS OF DISCOVERY / RULE 26(F)(3) DISCOVERY PLAN

A. Discovery Taken To Date.

On March 25, 2022, Playboy served an initial set of Requests for Production of Documents on Plaintiff. Pursuant to Rule 26(d)(2)(B), Playboy's requests are deemed served as of the April 11, 2022 Rule 26(f) conference, such that Plaintiff's responses are

4

due on May 11, 2022. On April 11, 2022, Playboy served a notice of document subpoena seeking documents from Coastal Solutions Group LLC.

B. <u>Rule 26(f)(3)(A) – INITIAL DISCLOSURES:</u>

The parties will provide their initial disclosures by April 25, 2022 (14 days after the Rule 26(f) conference of counsel) pursuant to 26(a)(1)(C).

C. <u>Rule 26(f)(3)(B) – SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED, WHEN DISCOVERY SHOULD BE COMPLETED, AND WHETHER DISCOVERY SHOULD BE CONDUCTED IN PHASES OR BE LIMITED TO OR FOCUSED ON PARTICULAR ISSUES:</u>

The parties anticipate propounding written discovery (including document requests, interrogatories, and requests for admission) regarding evidence to support Plaintiff's allegations and the applicability of any and all of Playboy's affirmative defenses. The parties do not propose conducting discovery in phases other than that fact discovery shall be completed prior to expert discovery. The parties do not propose limitations or modifications to the discovery rules.

**Parties Proposed Discovery Dates:**

The parties propose the following discovery deadlines:

(a) March 17, 2023, as the deadline for fact discovery;

(b) March 31, 2023, as the deadline for designation of initial experts;

(c) April 28, 2023, as the deadline for designation of rebuttal experts; and

(d) May 26, 2023, as the deadline to complete expert discovery.

D. <u>Rule 26(f)(3)(C) – ANY ISSUES ABOUT DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION, INCLUDING THE FORM OR FORMS IN WHICH IT SHOULD BE PRODUCED.</u>

The parties are separately discussing a protocol for the production of electronically stored information ("ESI Protocol"). The parties do not currently anticipate any particular, non-standard issues with respect to the disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

E. <u>Rule 26(f)(3)(D) – ANY ISSUES ABOUT CLAIMS OF PRIVILEGE OR OF PROTECTION AS TRIAL-PREPARATION MATERIALS, INCLUDING – IF THE PARTIES AGREE ON A PROCEDURE TO ASSERT THESE CLAIMS AFTER PRODUCTION – WHETHER TO ASK THE COURT TO INCLUDE THEIR AGREEMENT IN AN ORDER.</u>

The parties do not anticipate any particular, non-standard issues with respect to claims of privilege that may be asserted in this action.

F. <u>Rule 26(f)(3)(E) – WHAT CHANGES SHOULD BE MADE IN THE LIMITATIONS ON DISCOVERY IMPOSED UNDER THESE RULES OR BY LOCAL RULE, AND WHAT OTHER LIMITATIONS SHOULD BE IMPOSED.</u>

The parties do not anticipate any particular, non-standard issues with respect to the limitations on discovery imposed under the Rules or by the Local Rules.

## VII. RELATED CASES OR PROCEEDINGS.

The parties are not aware of any related cases or proceedings before another judge of this court, or before another court or administrative body.

## VIII. RELIEF SOUGHT BY THE COMPLAINT OR COUNTERCLAIM

Plaintiff's First Amended Complaint seeks the following damages: the fair market value of the franchised business and franchise assets; expected profits under the license through 2027; the $15 million purchase price of the license (including $750,000 as initial consideration under the Novation Agreement), startup costs and investments of approximately $13 million, royalties, the reimbursement and returns of moneys and inventory to and front third parties due to the sudden termination; any loss of stock market valuation due to TNR having to report the license termination to the SET (Stock Exchange of Thailand); numerous operating losses, including but not limited to having to cancel third party contracts, and operating contracts for employees and vendors for storage and related logistics; approximately $17 million in unsold and returned goods and claims from distributors and retailers due to Playboy's retaliatory refusal to allow a sell-off period; and all consequential damages suffered by TNR related to Playboy's illegal franchise; general, special, and consequential damages; restitutionary disgorgement; exemplary and punitive damages; an amount exceeding $492,864.32 in connection with TNR's conversion claim;

injunctive relief; and any other damages that resulted from Playboy's wrongful termination of the PLA.

Playboy's counterclaims seek damages for breach of the PLA and trademark infringement by TNR, as well as an accounting. Specifically, Playboy seeks expectation damages in the form of guaranteed royalties owed by TNR under the PLA through the year 2027 in an amount greater than $4 million. Playboy also seeks liquidated damages as provided for in the PLA for TNR's breaches of the PLA and consequential damages as a result of TNR's breaches, in an amount to be proven at trial. Playboy further seeks all remedies provided for under 15 U.S.C. § 1117 as a result of TNR's infringement of Playboy's trademarks. This includes all compensatory damages and the profits or gains of TNR as a result of its infringing acts.

## IX. FILING OF THE "CERTIFICATION AS TO INTERESTED PARTIES OR PERSONS".

Plaintiff has filed a "Certification as to Interested Parties or Persons" as required by the Local Rules, which states that the following entities may have a pecuniary interest in the outcome of this case: Thai Nippon Rubber Industry Public Limited Company (Plaintiff); TNR USA, Inc. (Plaintiff's wholly-owned subsidiary); Playboy Enterprises International, Inc. (Defendant); Products Licensing, LLC (Defendant).  Since Plaintiff filed its Certification as to Interested Parties or Persons on December 17, 2021, Defendant Allen has also been added as a party to this case.  Plaintiff Thai Nippon Rubber Industry Public Limited Company is a publicly held corporation organized and existing under the laws of Thailand.  Plaintiff has no parent corporation, and no publicly held corporation owns more than 10 percent of its stock.  Plaintiff is not aware of any persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities that may have a pecuniary interest in the outcome of this case, other than the Plaintiff and Defendants in the case.

/ / /

/ / /

## X. DATE FOR COMPLETION OF DISCOVERY AND DISPOSITIVE OR PARTIALLY DISPOSITIVE MOTIONS

The parties propose the following dates for the completion of discovery and dispositive or partially dispositive motions:

    (a) May 26, 2023, as the deadline to complete all discovery;

    (b) June 23, 2023, as the deadline for filing dispositive or partially dispositive motions, including any motions for summary judgment;

## XI. ESTIMATE FOR JURY TRIAL.

Plaintiff and Defendants both demand a jury trial.  The parties anticipate a jury trial of seven to ten days, including jury selection.  The parties propose a pretrial conference date of September 8, 2023, and a trial date beginning October 6, 2023.

## XII. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION.

The parties elect to use private mediation as the alternative dispute resolution procedure in this case pursuant to Local Rule 16-15.4.

## XIII. MANUAL FOR COMPLEX LITIGATION

This case does not require reference to the procedures set forth in the The Manual for Complex Litigation.

## XIV. PROPOSALS RE: BIFURCATION, SEVERANCE, OR OTHER ORDERING PROOF.

At this time, the parties do not anticipate or propose any bifurcation or severance of the claims.

**CERTIFICATION OF LEAD COUNSEL.**

Lead counsel for Plaintiff, Cyndie Chang, is registered as an ECF User.  Her e-mail address is: cmchang@duanemorris.com.  Lead counsel for Playboy, Marshall Searcy, is also registered as an ECF user.  The email address for Playboy's lead trial counsel is marshallsearcy@quinnemanuel.com.  Lead counsel for Nicholai Allen, Gary Devlin, is also registered as an ECF user.  His email address is: gdevlin@hinshawlaw.com.

DATED:  April 18, 2022           Respectfully submitted,

/s/    Cyndie M. Chang
DUANE MORRIS LLP
Cyndie M. Chang (SBN 227542)
CMChang@duanemorris.com
865 South Figueroa Street, Suite 3100
Los Angeles, CA 90071-5450
Telephone: (213) 689-7400
Fax: (213) 689-7401

*Attorneys for Plaintiff
Thai Nippon Rubber Industry Public Limited Company*

/s/    Marshall M. Searcy III
Marshall M. Searcy III
marshallsearcy@quinnemanuel.com
Scott B. Kidman
scottkidman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

*Attorneys for Defendants Playboy Enterprises International, Inc., and Products Licensing, LLC*

/s/    Gary E. Devlin
Gary E. Devlin  (SBN 210517)
Hinshaw & Culbertson LLP
350 South Grand Avenue, Suite 3600
Los Angeles, CA 90071
Telephone: 310-909-8017
Facsimile:  310: 909-8001
gdevlin@hinshawlaw.com

*Attorneys for Defendant Nicholai Allen*

**ATTESTATION PURSUANT TO CIVIL L.R. 5-4.3.4.**

I, Cyndie M. Chang, am the ECF User whose identification and password are being used to file this document. Pursuant to Civil L.R. 5-4.3.4., I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: */s/ Cyndie M. Chang*
Cyndie M. Chang