**DUANE MORRIS LLP**
Cyndie M. Chang (SBN 227542)
CMChang@duanemorris.com
865 South Figueroa Street, Suite 3100
Los Angeles, CA 90071-5450
Telephone: (213) 689-7400
Fax: (213) 689-7401

*Attorneys for Plaintiff*
Thai Nippon Rubber Industry Public
Limited Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAI NIPPON RUBBER INDUSTRY PUBLIC LIMITED COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PLAYBOY ENTERPRISES INTERNATIONAL, INC., PRODUCTS LICENSING, LLC, and NICHOLAI ALLEN<br><br>Defendants. | Case No. 2:21-cv-09749<br><br>The Honorable John F. Walter<br><br>**DECLARATION OF CYNDIE M. CHANG RE: ADDITIONAL LOCAL RULE 7-3 MEET AND CONFER CONFERENCE**<br><br>Judge: Hon. John F. Walter<br>Trial Date: September 26, 2023<br>Time: 8:30 a.m.<br>Location: 350 W. 1st Street, Los Angeles CA 90012, Courtroom 7A |

I, Cyndie M. Chang, declare as follows:

1. I am a partner at Duane Morris LLP, and counsel of record for Plaintiff Thai Nippon Rubber Industry Public Limited Company ("TNR").

2. On April 18, 2022, pursuant to Paragraph 5(b) of the Court's December 21, 2021 Standing Order (Dkt. No. 9), and the Court's April 14, 2022 text entry order (Dkt. No. 37), I conducted an additional meet and confer with Marshall Searcy, counsel for Defendants Playboy Enterprises International, Inc. and Products Licensing, LLC

DECLARATION OF CYNDIE CHANG RE: ADDITIONAL LOCAL RULE 7-3 MEET AND CONFER CONFERENCE

DM3\8659604.1

1  ("Playboy").  Also present for the conference for TNR was Kristin Rose of Kirkland &
2  Ellis LLP.  Counsel met in person at 555 South Flower Street, at the offices of Kirkland
3  & Ellis.

4      3.    The purpose of the conference was to further meet and confer pursuant to
5  Local Rule 7-3 regarding Playboy's anticipated motion to dismiss TNR's First Amended
6  Complaint.  The conference followed a prior in-person meet and confer on April 7, 2022
7  regarding the substance of Playboy's anticipated motion to dismiss the First Amended
8  Complaint.

9      4.    During the April 18 conference, the parties discussed the substance of
10 Playboy's anticipated motion to dismiss the following claims in TNR's First Amended
11 Complaint: (1) the California franchise law claims; (2) the tortious interference claims;
12 (3) the fraudulent inducement claim; (4) the conversion claim; and (5) the section 17200
13 claim.  In advance of the April 18 conference, counsel for Playboy shared with counsel
14 for TNR a draft of Playboy's anticipated motion to dismiss, which facilitated a productive
15 discussion regarding the substance of Playboy's anticipated motion to dismiss and TNR's
16 positions in response, and whether resolution of the parties' positions is possible without
17 motion practice.

18     5.    Prior to the April 18 meet and confer, Playboy informed TNR that it does
19 not plan to move to dismiss TNR's claims for breach of contract and breach of good faith
20 and fair dealing.  Accordingly, no further discussion of these claims was required
21 pursuant to Local Rule 7-3.

22     6.    With respect to the remaining claims for which Playboy has indicated that it
23 plans to move to dismiss, the parties discussed in detail the bases for Playboy's
24 anticipated motion and TNR's positions in response.

25     7.    With respect to the California franchise law claims, Playboy shared that it
26 intends to move to dismiss on several grounds, including that TNR has insufficiently
27 alleged control and that any franchise relationship was outside the jurisdiction of the
28 California franchise law.  In response, TNR shared its positions on these issues, including

the legal basis for the existence of a franchise, and explained why it believes that its allegations sufficiently plead claims under California's franchise law, and indicated it would review the authorities cited in Playboy's draft motion and provide further authorities by email following the conference. On April 20, 2022, TNR provided legal authorities to Playboy by email in support of its franchise law claims and in opposition of the arguments Playboy raised, and therefore maintained its position that no further amendment was necessary.

8. With respect to TNR's tortious interference claims, Playboy explained that it believes the economic loss rule bars TNR's tortious interference claim and that Playboy cannot be held liable for intentionally interfering with the contracts at issue here. In response, TNR explained that it believes that the conduct that constitutes tortious interference here goes outside the scope of the contract between TNR and Playboy, such that the tortious interference claim is not coextensive with the breach of contract claim.

9. With respect to TNR's section 17200 claim, Playboy explained that it believes TNR's claims under the Unfair Competition Law are foreclosed because TNR has pled and claims it is owed damages for the same allegedly wrongful conduct. On April 20, 2022, Playboy followed up by email to provide authorities it believes support its position. Also on April 20, 2022, TNR responded by email explaining why it believes the authorities cited by Playboy are distinguishable and that its section 17200 claim is sufficiently pled and is not foreclosed by its breach of contract claim, and therefore maintained its position that no further amendment was necessary.

10. With respect to TNR's fraudulent inducement claim, Playboy explained that it does not believe that TNR's claim pleads a sufficiently specific false representation, and that there is no reasonable reliance by TNR. TNR explained in response that it has sufficiently alleged a false representation by Dr. Patel (*see* FAC ¶¶ 46-47), and reasonable reliance by TNR.

11. Finally, with respect to the conversion claim, Playboy explained that it believes this claim is barred by the economic loss theory and because it does not allege a

specific sum of money that was converted.  In response, TNR explained that it has alleged tortious activity outside of the contract, and that it has sufficiently alleged a specific sum of money converted (*see* FAC ¶ 207).  On April 21, 2022, TNR also followed up with Playboy by email to explain that it has reviewed the authorities cited in Playboy's draft motion, and maintains its position that no further amendment is necessary.

12. Following these discussions, as well as additional follow-up communications by email, the parties have been unable to resolve their disagreements as to these claims and Playboy therefore intends to file a motion to dismiss.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in Los Angeles, California, on April 21, 2022.

/s/ *Cyndie M. Chang*
DUANE MORRIS LLP
Cyndie M. Chang (SBN 227542)
CMChang@duanemorris.com
865 South Figueroa Street, Suite 3100
Los Angeles, CA 90071-5450
Telephone: (213) 689-7400
Fax: (213) 689-7401

*Attorneys for Plaintiff*
*Thai Nippon Rubber Industry Public Limited Company*

4
DECLARATION OF CYNDIE CHANG RE: ADDITIONAL LOCAL RULE 7-3 MEET AND CONFER CONFERENCE
DM3\8659604.1