KIRKLAND & ELLIS LLP
Mark Holscher (SBN 139582)
mark.holscher@kirkland.com
Kristin Rose (SBN 278284)
kristin.rose@kirkland.com
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff*
*Thai Nippon Rubber Industry Public Limited Company*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Marshall M. Searcy III (Bar No. 169269)
marshallsearcy@quinnemanuel.com
Scott B. Kidman (Bar No. 119856)
scottkidman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017–2543
Telephone:  (213) 443–3000
Facsimile:   (213) 443–3100

*Attorneys for Defendants*
*Playboy Enterprises International, Inc.*
*Products Licensing, LLC*

HINSHAW & CULBERTSON LLP
Gary E. Devlin (SBN 210517)
gdevlin@hinshawlaw.com
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone: 310-909-8000
Facsimile: 310-909-8001

*Attorneys for Defendant*
*Nicholai Allen*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Thai Nippon Rubber Industry Public Limited Company,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Playboy Enterprises International, Inc., Products Licensing, LLC, and Nicholai Allen<br><br>　　　　Defendants. | Case No. 2:21-cv-9749–JFW–PD<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER [DISCOVERY MATTER: REFERRED TO MAGISTRATE JUDGE HON. PATRICIA DONAHUE]**<br><br>Judge:　　Hon. John F. Walter<br><br>Trial Date:　September 26, 2023 |

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1.1  GOOD CAUSE STATEMENT

This action is likely to involve confidential, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information relating to the parties' international distribution practices, information regarding customers and prices, information regarding confidential business practices, or other confidential, commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information

will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non–public manner, and there is good cause why it should not be part of the public record of this case.

1.2     ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79–5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non–dispositive motions, good cause must be shown to support a filing under seal, *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677–79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced

under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 2. DEFINITIONS

2.1 <u>Action</u>: the above–captioned case.

2.2 <u>Challenging Party</u>: a Party or Non–Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>"CONFIDENTIAL-ATTORNEYS' EYES ONLY (AEO)" Information or Items</u>: extremely sensitive "Confidential Information or Items," that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement that are believed to contain highly sensitive or proprietary information, such as trade secrets and non-public, commercially sensitive financial data, business information, or research that would harm the Designating Party's competitive standing if disclosed directly to a Party to this action or to the public.

2.5     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff, including regular or temporary employees and service vendors of such Counsel).

2.6     Designating Party: a Party or Non–Party that designates information or items produced in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL-AEO."

2.7     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action (as well as the Expert's support staff).

2.9     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non–Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this Action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff, including regular or temporary employees and service vendors.

2.12    Party: any named party to this action, including all of its officers, directors, employees, consultants or advisors assisting the party in this action, retained experts, and Outside Counsel of Record (and their support staffs).

–5–
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

2.13   Producing Party: a Party or Non–Party that produces Disclosure or Discovery Material in this action.

2.14   Professional Vendors: persons or entities engaged by a Party (through Outside Counsel of Record or otherwise) that provide litigation support services in this Action (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL-AEO."

2.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Disclosure and Discovery Material and Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

This Stipulation and Order also applies to all non-Parties that are served with subpoenas or who otherwise produce documents or are noticed for depositions in the Action, and all such non-Parties are entitled to the protections afforded hereby and subject to the obligations herein upon signing a Declaration in the form provided as Exhibit A.  Any Party or its counsel serving a subpoena, after the date this Protective Order is entered, which requires the production of documents or testimony upon a non-Party shall serve a copy of this Order along with such subpoena.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the

time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. **DURATION**

Final Disposition of the action is defined as the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The terms of this protective order shall survive Final Disposition of the action for any retained Protected Material. The parties may stipulate that they will be contractually bound by the terms of this agreement beyond Final Disposition, but will have to file a separate action for enforcement of the agreement once all proceedings in this case are complete.

Once a case proceeds to trial, information that was designated as CONFIDENTIAL, CONFIDENTIAL-AEO or maintained pursuant to this protective order that is used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180–81 (distinguishing "good cause" showing for sealing documents

produced in discovery from "compelling reasons" standard when merits–related documents are part of court record).

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non–Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only the material, documents, items or oral or written communications that qualify so that other material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party should promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL-AEO," as the case may be, to each page that contains protected material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify it as "CONFIDENTIAL" or "CONFIDENTIAL-AEO" within thirty (30) days of the receipt of the final transcript of the deposition, hearing, or other proceeding.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "CONFIDENTIAL-AEO."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL-AEO," as the case may be.

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

In the event that any Disclosure or Discovery Material is inadvertently produced without a "CONFIDENTIAL" or "CONFIDENTIAL-AEO" designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Disclosure or Discovery Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-AEO," as the case may be (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Disclosure or Discovery Material shall promptly destroy the inadvertently produced Disclosure or Discovery Material and all copies thereof, or, at the expense of the Producing Party, return such together with all copies of such Disclosure or Discovery Material to counsel for the Producing Party and shall retain only the "CONFIDENTIAL" or "CONFIDENTIAL-AEO" materials. Should the Receiving Party choose to destroy such inadvertently produced Disclosure or Discovery Material, the Receiving Party shall notify the Producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not

intended to apply to any inadvertent production of any Disclosure or Discovery Material protected by attorney-client or work product privileges, which is addressed specifically in Section 11 below. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    6.1     <u>Timing of Challenges</u>. Any Party or Non–Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37–1 et seq.

    6.3     <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37–2.

    6.4     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1     <u>Basic Principles</u>. A Receiving Party may use Disclosure and Discovery Material, including Protected Material, that is disclosed or produced by another Party or by a Non–Party in connection with this Action only, for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with

the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.

  7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

  (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

  (b) the officers, directors, employees, and consultants or advisors assisting in this Action (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

  (c) Experts (as defined in this Order) of the Receiving Party, as well as employees of said Experts, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (d) the Court and its personnel;

  (e) court reporters, stenographers, or videographers who record testimony in connection with this Action;

  (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

  (h) witnesses, noticed or subpoenaed, either at a deposition, through other Discovery Requests, or in court proceedings, and the witness's counsel, to the extent that such disclosure is reasonably necessary for the proceedings or the resolution of

the Disputes, provided: (1) the witness sign the form attached as Exhibit A hereto; and (2) the witness and his or her attorneys will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, or appointed by the Court.

7.3     Disclosure of "CONFIDENTIAL-AEO" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL-AEO" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party, as well as employees of said Experts, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the author or recipient of a document containing the information or a

custodian or other person who otherwise possessed or knew the information;

(f) witnesses being questioned, either at a deposition or in court proceedings, and the witnesses' counsel, where the witness is indicated on the face of the document to have been an author, addressee, or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting, in each case only to the extent such disclosure is reasonably necessary for the proceedings or the resolution of the Action, provided that the witness has signed or agreed on the record to sign a Declaration in the form of <u>Exhibit A</u> provided hereto. Those witnesses and their counsel who are shown "CONFIDENTIAL-AEO" material shall not be allowed to retain copies.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in another litigation or proceeding that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL-AEO" that Party must:

(a) promptly notify in writing the Designating Party, and, if different, the Producing Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL-AEO" before a determination by the

court or other authorized body from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court or forum of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON–PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non–Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL-AEO." Such information produced by Non–Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non–Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non–Party's confidential information in its possession, and the Party is subject to an agreement with the Non–Party not to produce the Non–Party's confidential information, then the Party shall:

   1) promptly notify in writing the Requesting Party and the Non– Party that some or all of the information requested is subject to a confidentiality agreement with a Non–Party;

   2) promptly notify in writing the Requesting Party and the Non– Party that some or all of the information requested is subject to a confidentiality agreement with a Non–Party;

   3) make the information requested available for inspection by the Non–Party, if requested.

(c) If the Non–Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the

Receiving Party may produce the Non–Party's confidential information responsive to the discovery request. If the Non–Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non–Party before a determination by the Court.

Absent a court order to the contrary, the Non–Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If Disclosure or Discovery Material or other information subject to a claim of attorney-client privilege, work-product immunity, or any other applicable claim of privilege or immunity is inadvertently produced or otherwise disclosed to any Party or Non-Party, such production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity for such Disclosure or Discovery Material or other information. Disclosure or Discovery Material or other information subject to a claim of privilege or immunity must be returned as soon as it is discovered, without any need to show the production was inadvertent. The Receiving Party shall not use the inadvertently produced Disclosure or Discovery Material or other information for any purpose.

Upon request by the Producing Party pursuant to this Section, the Receiving Party shall immediately return all copies of such document(s) or thing(s) and shall destroy any derivative document such as a summary or comment on the inadvertently produced information. The Receiving Party may then move the Court for an order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production. If a claim is disputed, the Receiving Party shall not use or disclose any Disclosure or Discovery Material or other information for which a claim of privilege or immunity is made pursuant to this Section for any purpose or until the matter is resolved by agreement of the parties or by a decision of the Court.

This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

**12. MISCELLANEOUS**

12.1   Right to Further Relief. Nothing in this Order abridges the right of any Party or Non-Party producing documents subject to its terms to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79–5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material

under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13. FINAL DISPOSITION

After the Final Disposition of this Action, as defined in paragraph 4, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

## 14. VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED.**

DATED:  May 10, 2022          Respectfully submitted,

                          KIRKLAND ELLIS LLP

                          By /s/ Kristin Rose
                             KRISTIN ROSE

                          DUANE MORRIS LLP
                          Cyndie M. Chang (SBN 227542)
                          CMChang@duanemorris.com
                          865 South Figueroa Street, Suite 3100
                          Los Angeles, California 90017-5450
                          Telephone: (213) 689 7400
                          Fax: (213) 689 7401

                          *Attorneys for Plaintiff Thai Nippon Rubber Industry Public Limited Company*

                          QUINN EMANUEL URQUHART & SULLIVAN, LLP

                          By /s/ Marshall M. Searcy III
                             MARSHALL M. SEARCY III

                          *Attorney for Defendants Playboy Enterprises International, Inc., and Products Licensing, LLC*

                          HINSHAW & CULBERTSON LLP

                          By /s/ Gary E. Devlin
                             GARY E. DEVLIN

                          *Attorney for Defendant Nicholai Allen*

## SIGNATURE ATTESTATION

I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

                          By /s/ Kristin Rose
                             Kristin Rose

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: _____

_____
HON. PATRICIA DONAHUE
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on \_\_\_\_\_, 20\_\_ in the case of *Thai Nippon Rubber Industry Public Company Limited v. Playboy Enterprises International Inc., et al.*, Case No. 2:21cv9749–JFW–PD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____