1  GARY E. DEVLIN (SBN 210517)
   gdevlin@hinshawlaw.com
2  HINSHAW & CULBERTSON LLP
   350 South Grand Ave., Suite 3600
3  Los Angeles, CA 90071-3476
   Telephone:  310-909-8000
4  Facsimile:   310-909-8001

5  Attorneys for Defendant NICHOLAI ALLEN

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  THAI NIPPON RUBBER INDUSTRY      | Case No. 2:21-cv-09749-JFW(PDx)
    PUBLIC LIMITED COMPANY,          |
12                                   | (Honorable  John F. Walter          ,
              Plaintiff,             | Courtroom "7A")
13                                   |
         vs.                         | **DEFENDANT NICHOLAI ALLEN'S**
14                                   | **ANSWER AND AFFIRMATIVE**
    PLAYBOY ENTERPRISES              | **DEFENSES TO PLAINTIFF'S**
15  INTERNATIONAL, INC., PRODUCTS    | **FIRST AMENDED COMPLAINT**
    LICENSING, LLC, and NICHOLAI     |
16  ALLEN,                           |
17            Defendants.            |
18                                   |
                                     | FAC Filed:   3/16/22
19                                   | Motion Hearing Cut-Off:   07/10/23
                                     | Discovery Cut-Off:      06/28/23
20                                   | Pre-Trial Conference Date: 09/01/23
                                     | Trial Date: 09/26/23
21

22

23

24

25

26

27

28

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 2:21-cv-09749-JFW(PDx)
1049453\310713709.v1

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

Defendant NICHOLAI ALLEN ("Defendant" or "Defendant Allen"), hereby answers Plaintiff THAI NIPPON RUBBER INDUSTRY PUBLIC LIMITED COMPANY's ("Plaintiff" or "TNR") First Amended Complaint ("FAC") as follows:

## NATURE OF THE ACTION

1.      Defendant Allen denies that he was "paid off and incentivized" or did any anything improper related to TNR's "proprietary information."  Defendant Allen is without sufficient information and belief to admit or deny the remaining factual allegations in this paragraph.

2.      Defendant Allen admits the listed claims are asserted in the FAC. Defendant Allen denies any violations occurred with respect to the claims asserted against him.  Defendant Allen is without sufficient information and belief to admit or deny the remaining factual allegations in this paragraph.

## THE PARTIES

3.      Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.  Defendant Allen declines to respond to the legal conclusions in this paragraph.

4.      Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.  Defendant Allen declines to respond to the legal conclusions in this paragraph.

5.      Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.  Defendant Allen declines to respond to the legal conclusions in this paragraph.

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

6.     Defendant Allen admits the allegations in this paragraph except that he is presently a resident of Ventura County, California.

## JURISDICTION AND VENUE

7.     Defendant Allen declines to respond to the legal conclusions set forth in this paragraph.  Defendant Allen consents to the jurisdiction of this Court.

8.     Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph. Defendant Allen consents to the jurisdiction of this Court.

9.     Defendant Allen declines to respond to the legal conclusions set forth in this paragraph.  Defendant Allen consents to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

### A.     Playboy Enters Into the Product License Agreement with TNR

10.     Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.

11.     Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph and its footnote.  Defendant Allen declines to respond to the legal conclusions set forth in this paragraph and its footnote.

12.     Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.

13.     Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.

14.     Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

15.     Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.  Defendant Allen declines to respond to the legal conclusions set forth in this paragraph.

16.     Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.  Defendant Allen declines to respond to the legal conclusions set forth in this paragraph.

17.     Defendant Allen objects to this paragraph as vague, ambiguous and overbroad, and thus does not adopt the characterization of Allen's relationship with UMD as described in this paragraph.  Defendant Allen admits generally he was involved with research and development and facilitating relationships with purchasers of products while acting as a consultant for UMD.

**B.     TNR Replaces UMD as the Licensee Under the Product License Agreement**

18.     Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.

19.     Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.  Defendant Allen declines to respond to the legal conclusions set forth in this paragraph.

20.     Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.  Defendant Allen declines to respond to the legal conclusions set forth in this paragraph.

21.     Defendant Allen admits UMD paid Monarch Digital Media, LLC ("Monarch") for services rendered for the first year following the assignment of the subject license to TNR.  Defendant Allen is without sufficient information and belief to admit or deny the remaining factual allegations or legal conclusions set forth in this paragraph.

1    22.    Defendant Allen is without sufficient information and belief to admit or

2    deny the factual allegations in this paragraph.  Defendant Allen declines to respond

3    to the legal conclusions set forth in this paragraph.

4    23.    Defendant Allen is without sufficient information and belief to admit or

5    deny the factual allegations in this paragraph.  Defendant Allen declines to respond

6    to the legal conclusions set forth in this paragraph.

7    24.    Defendant Allen is without sufficient information and belief to admit or

8    deny the factual allegations in this paragraph.  Defendant Allen declines to respond

9    to the legal conclusions set forth in this paragraph.

10    25.    Defendant Allen is without sufficient information and belief to admit or

11    deny the factual allegations in this paragraph.  Defendant Allen declines to respond

12    to the legal conclusions set forth in this paragraph.

13    26.    Defendant Allen is without sufficient information and belief to admit or

14    deny the factual allegations in this paragraph.  Defendant Allen declines to respond

15    to the legal conclusions set forth in this paragraph.

16    27.    Defendant Allen is without sufficient information and belief to admit or

17    deny the factual allegations in this paragraph.  Defendant Allen declines to respond

18    to the legal conclusions set forth in this paragraph.

19    28.    Defendant Allen is without sufficient information and belief to admit or

20    deny the factual allegations in this paragraph, its sub-paragraphs, or its footnote.

21    Defendant Allen declines to respond to the legal conclusions set forth in this

22    paragraph, its sub-paragraphs, or its footnote.

23    29.    Defendant Allen is without sufficient information and belief to admit or

24    deny the factual allegations in this paragraph.  Defendant Allen declines to respond

25    to the legal conclusions set forth in this paragraph.

26

27

28

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

30.     Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.  Defendant Allen declines to respond to the legal conclusions set forth in this paragraph.

31.     Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph or its footnote.  Defendant Allen declines to respond to the legal conclusions set forth in this paragraph or its footnote.

32.     Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.

**C.     TNR Assembles its U.S. Operations and Hires Nicholai Allen**

33.     Defendant Allen admits he had "experience with Playboy's condoms and lubricant business" at the time TNR acquired the subject license.  Defendant Allen admits TNR "engaged" Monarch as a consultant.  Defendant Allen is without sufficient information and belief to admit or deny the remaining factual allegations and opinion in this paragraph.

34.     Defendant Allen admits he performed duties benefitting TNR similar to those he performed for UMD during the first year subsequent to TNR's acquisition of the subject license while UMD continued to compensate Allen via Monarch for such services.  Defendant Allen is without sufficient information and belief to admit or deny the remaining factual allegations and opinion in this paragraph.

35.     Defendant Allen denies TNR had an agreement with Allen personally or a written agreement with Monarch to "facilitate the nuts-and-bolts of its U.S. operations."  Defendant Allen denies TNR ever "remunerated funds expended by Allen" personally.  Defendant Allen is without sufficient information and belief to admit or deny any remaining factual allegations in this paragraph.

36.     Defendant Allen admits TNR's "engagement" was with Monarch and not Allen personally.  Defendant Allen does not adopt the broad characterization of

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

the Monarch/TNR "engagement" set forth in this paragraph. Defendant Allen denies TNR paid Monarch for services for the first year subsequent to its acquisition of the subject license from UMD, or that TNR "reimbursed" Monarch for anything pursuant to any written agreement. Defendant Allen is without sufficient information and belief to admit or deny any remaining factual allegations in this paragraph.

37. Defendant Allen objects on the grounds this paragraph is vague, ambiguous and overbroad and denies the paragraph on that basis.

38. Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.

39. Defendant Allen objects on the grounds this paragraph is vague, ambiguous and overbroad. Defendant Allen admits he is Freedom Brands Corp.'s ("Freedom") President and Director. Allen admits Freedom was a separate entity from TNR. Defendant Allen is without sufficient information and belief to admit or deny any remaining factual allegations or opinion in this paragraph.

40. Defendant Allen objects to the term "Products" on the grounds it is vague, ambiguous and overbroad. Defendant Allen admits Freedom acted as a distributor. Defendant Allen is without sufficient information and belief to admit or deny any remaining factual allegations or opinion in this paragraph.

41. Defendant Allen is without sufficient information and belief to admit or deny the factual allegations and legal opinions in this paragraph.

42. Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.

43. Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.

///

///

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

**D.**    **Playboy Systematically Undermines TNR's Rights Under the PLA**

    *a.*    ***Playboy Induces TNR to Enter the Eighth Amendment***

44.    Defendant Allen denies he knowingly or actively participated in any "manipulation" described in this paragraph. Defendant Allen is otherwise without sufficient information and belief to admit or deny the factual allegations and legal opinions in this paragraph or its footnotes.

45.    Defendant Allen is without sufficient information and belief to admit or deny the  factual allegations in this paragraph.

46.    Defendant Allen is without sufficient information and belief to admit or deny the  factual allegations and legal opinions in this paragraph.

47.    Defendant Allen is without sufficient information and belief to admit or deny the  factual allegations and legal opinions in this paragraph or its footnote.

48.    Defendant Allen is without sufficient information and belief to admit or deny the  factual allegations and legal opinions in this paragraph.

49.    Defendant Allen is without sufficient information and belief to admit or deny the  factual allegations and legal opinions in this paragraph.

50.    Defendant Allen is without sufficient information and belief to admit or deny the  factual allegations and legal opinions in this paragraph.

51.    Defendant Allen admits he delivered the Eighth Amendment on behalf of Playboy to TNR General Manager Chanin Thiencharoen.   Allen denies he "pressed that the document needed to be signed urgently."   Defendant Allen is without sufficient information and belief to admit or deny the remaining factual allegations in this paragraph.

52.    Defendant Allen is without sufficient information and belief to admit or deny the  factual allegations in this paragraph.

53.    Defendant Allen is without sufficient information and belief to admit or deny the  factual allegations in this paragraph.

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

54.     Defendant Allen denies he "characterized" the Eighth Amendment "and its contents" in his dealings with TNR.  Defendant Allen is without sufficient information and belief to admit or deny the remaining factual allegations in this paragraph.

> **b.     Playboy Poaches Allen to Undermine TNR, and Allen Violates His Duties to TNR**

55.     Defendant Allen is without sufficient information and belief to admit or deny the  factual allegations in this paragraph.

56.     Defendant Allen admits Monarch developed a wipes product for Playboy in 2019 but denies the remaining factual allegations in this paragraph.

57.     Defendant Allen denies the allegations implicating Allen in this paragraph.  Defendant Allen is without sufficient information and belief to admit or deny the remaining factual allegations and opinion in this paragraph.

58.     Defendant Allen denies the allegations in this paragraph.

59.     Defendant Allen denies he (via Monarch) conspired with Playboy to "exploit" TNR's relationships, credentials or resources to the benefit of Playboy and detriment of TNR.  Allen admits Monarch accepted a consulting role with Playboy in or about November 2019.  Defendant Allen is without sufficient information and belief to admit or deny the remaining factual allegations and opinion in this paragraph.

60.     Defendant Allen admits Monarch was a consultant for TNR and Playboy concurrently and while Freedom acted as TNR's distributor.   Allen is without sufficient information and belief to admit or deny any remaining factual allegations or opinion in this paragraph.

61.     Defendant Allen is without sufficient information and belief to admit or deny the factual allegations and legal conclusions in this paragraph.

62.     Defendant Allen admits this allegation properly identifies his title (via Monarch) with Playboy.  Allen denies his consulting roles via Monarch for TNR and Playboy conflicted or that TNR was unaware of Monarch's consulting role with Playboy.  Allen is without sufficient information and belief to admit or deny the remaining factual allegations and opinion in this paragraph.

63.     Defendant Allen denies that he via Monarch acted as a "willing mole" or "double agent" as alleged or that Monarch's consulting roles for TNR and Playboy conflicted.  Defendant Allen is without sufficient information and belief to admit or deny the remaining factual allegations and opinion in this paragraph.

64.     Defendant Allen is without sufficient information and belief to admit or deny the factual allegations and opinion in this paragraph.

65.     Defendant Allen objects to the characterization of events described in this paragraph as vague, ambiguous and overbroad and denies this paragraph on that basis.

66.     Defendant Allen admits Walmart accepted the Playboy wipes as alleged concurrent with a broad expansion of TNR's products.

67.     Defendant Allen is without sufficient information and belief to admit or deny the remaining factual allegations and opinion in this paragraph.

68.     Allen denies he via Monarch acted as a "double agent" or that TNR was unaware of Monarch's consulting role with Playboy.  Defendant Allen is without sufficient information and belief to admit or deny the remaining factual allegations and opinion in this paragraph.

69.     Defendant Allen is without sufficient information and belief to admit or deny the factual allegations and opinion in this paragraph.

**c.     _Playboy Interferes in TNR's Relationship With Retailers_**

70.     Defendant Allen denies Monarch "misdirected Walmart" including that Playboy's  "wipes were products under TNR's account." Defendant Allen is without

9

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1   sufficient information and belief to admit or deny the factual allegations and opinion

2   in this paragraph.

3       71.   Defendant Allen denies Playboy's wipes product encroached upon

4   TNR's "shelf space" or that it displaced TNR's "Studded Pleasure" condom.

5   Defendant Allen is without sufficient information and belief to admit or deny the

6   remaining factual allegations and opinion in this paragraph.

7       72.   Defendant Allen is without sufficient information and belief to admit or

8   deny the factual allegations and opinion and legal conclusions in this paragraph.

9       73.   Defendant Allen is without sufficient information and belief to admit or

10  deny the factual allegations and opinion and legal conclusions in this paragraph.

11      74.   Defendant Allen denies that he (via Monarch) acted on Playboy's

12  behalf "to keep TNR from full participation in [its] relationship" with CSG.

13  Defendant Allen is without sufficient information and belief to admit or deny the

14  remaining factual allegations in this paragraph.

15      75.   Defendant Allen denies that he (via Monarch) caused invoices to issue

16  charging fees to TNR owed by Playboy.   Defendant Allen is without sufficient

17  information and belief to admit or deny any remaining factual allegations in this

18  paragraph.

19      76.   Defendant Allen denies he (via Monarch) billed TNR charges

20  benefitting Playboy's products or promoted Playboys products at the expense of

21  TNR's products.   Defendant Allen is without sufficient information and belief to

22  admit or deny any remaining factual allegations or opinion in this paragraph.

23      77.   Defendant Allen is without sufficient information and belief to admit or

24  deny the  factual allegations in this paragraph.

25      78.   Defendant Allen denies he (via Monarch) billed TNR charges

26  benefitting Playboy's products or promoted Playboys products at the expense of

27

28

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Case No. 2:21-cv-09749-JFW(PDx)

1049453\310713709.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

TNR's products.  Defendant Allen is without sufficient information and belief to admit or deny any remaining factual allegations or opinion in this paragraph.

79.    Defendant Allen is without sufficient information and belief to admit or deny the factual allegations or legal opinions in this paragraph.

80.    Defendant Allen is without sufficient information and belief to admit or deny the factual allegations or legal opinions in this paragraph.

81.    Defendant Allen is without sufficient information and belief to admit or deny the factual allegations or legal opinions in this paragraph.

### d.    *Playboy Blocks TNR's Attempts to Seek New Opportunities*

82.    Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.

83.    Defendant Allen objects to the characterization of the events in this paragraph as vague, ambiguous and overbroad.  Defendant Allen is otherwise without sufficient information and belief to admit or deny the factual allegations in this paragraph.

84.    Defendant Allen admits he attempted to secure a distributor for TNR's products in Russia.  Defendant Allen is without sufficient information and belief to admit or deny the remaining factual allegations in this paragraph.

85.    Defendant Allen is without sufficient information and belief to admit or deny the factual allegations or legal opinions in this paragraph.

86.    Defendant Allen is without sufficient information and belief to admit or deny the factual allegations or legal opinions in this paragraph.

87.    Defendant Allen is without sufficient information and belief to admit or deny the factual allegations or legal opinions in this paragraph.

88.    Defendant Allen denies the allegations in this paragraph.

89.    Defendant Allen admits he received but did not accept an offer of employment from Playboy via email on or around November 25, 2020 as alleged,

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Case No. 2:21-cv-09749-JFW(PDx)

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1049453\310713709.v1

although the terms are not as specifically set forth in this paragraph. Defendant Allen is without sufficient information and belief to admit or deny the remaining factual allegations in this paragraph.

90.     Defendant Allen is without sufficient information and belief to admit or deny the  factual allegations or legal opinions in this paragraph.

91.     Defendant Allen is without sufficient information and belief to admit or deny the  factual allegations or legal opinions in this paragraph.

### E.     Playboy Engineers an Audit as Pretext for Terminating TNR's License

92.     Defendant Allen admits he did not accept Playboy's employment offer on or about November 25, 2020, and that Monarch thereafter ceased its consulting relationship with Playboy. Defendant Allen denies he or Monarch divulged "extremely detailed accounts regarding TNR's operations, logistics, and other intimate details of TNR's business." Defendant Allen is without sufficient information and belief to admit or deny any remaining factual allegations or opinion in this paragraph.

93.     Defendant Allen objects to this paragraph as vague, ambiguous and overbroad.  Subject to those objections, Defendant Allen denies these allegations.

94.     Defendant Allen is without sufficient information and belief to admit or deny the  factual allegations in this paragraph.

95.     Defendant Allen is without sufficient information and belief to admit or deny the  factual allegations or opinions in this paragraph or its footnote.

96.     Defendant Allen is without sufficient information and belief to admit or deny the  factual allegations or opinions in this paragraph or its footnote.

97.     Defendant Allen is without sufficient information and belief to admit or deny the  factual allegations in this paragraph.

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 2:21-cv-09749-JFW(PDx)
1049453\310713709.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

98.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations or legal opinions in this paragraph.

99.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.

100.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.

101.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations or legal opinions in this paragraph.

102.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.

103.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.

104.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.

105.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.

106.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations or legal opinions in this paragraph.

**F.     Playboy Unlawfully Terminates the Product License Agreement**

107.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations in this paragraph.

108.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations or legal opinions in this paragraph.

109.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations or legal opinions in this paragraph.

110.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations or legal opinions in this paragraph.

13

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

111.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations or legal opinions in this paragraph.

112.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations or legal opinions in this paragraph.

**G.     TNR is a De Facto Franchisee Entitled to the Protections of California Law**

113.   Defendant Allen is without sufficient information and belief to admit or deny the legal opinions in this paragraph.

114.   Defendant Allen is without sufficient information and belief to admit or deny the legal opinions in this paragraph.

115.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations or legal opinions in this paragraph.

116.   Defendant Allen is without sufficient information and belief to admit or deny the  factual allegations or legal opinions in this paragraph.

117.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations or legal opinions in this paragraph.

118.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations or legal opinions in this paragraph.

119.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations or legal opinions in this paragraph.

120.   Defendant Allen admits Monarch, and not Allen personally, was engaged as a consultant for TNR.  Defendant Allen is without sufficient information and belief to admit or deny the remaining factual allegations or legal opinions in this paragraph.

121.   Defendant Allen is without sufficient information and belief to admit or deny the factual allegations or legal opinions in this paragraph.

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1       122.   Defendant Allen is without sufficient information and belief to admit or

2   deny the factual allegations or legal opinions in this paragraph.

3       123.   Defendant Allen is without sufficient information and belief to admit or

4   deny the factual allegations or legal opinions in this paragraph.

5       124.   Defendant Allen is without sufficient information and belief to admit or

6   deny the factual allegations or legal opinions in this paragraph.

7       125.   Defendant Allen is without sufficient information and belief to admit or

8   deny the factual allegations or legal opinions in this paragraph.

9   ## FIRST CLAIM FOR RELIEF

10   **(Violation of Statute – Wrongful Termination of Franchise)**

11   **(California Franchise Relations Act –Corporations Code sections 20000 *et seq.*)**

12       126-138.   This cause of action is not asserted against Defendant Allen.

13   ## SECOND CLAIM FOR RELIEF

14   **Violation of Statute**

15   **Franchise Investment Law – Corporations Code sections 31000 *et seq.***

16       139-145.   This cause of action is not asserted against Defendant Allen.

17   ## THIRD CLAIM FOR RELIEF

18   **Breach of Contract**

19       146-151.   This cause of action is not asserted against Defendant Allen.

20   ## FOURTH CLAIM FOR RELIEF

21   **Breach of the Implied Covenant of Good Faith and Fair Dealing**

22       152-156.   This cause of action is not asserted against Defendant Allen.

23   ## FIFTH CLAIM FOR RELIEF

24   **Violation of California's Unfair Competition Law**

25   **Cal. Bus. & Prof. Code §17200 *et seq.***

26       157.   Defendant Allen incorporates by reference his responses to Paragraphs

27   1 through 156 above.

28

15

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1    158.   Defendant Allen declines to respond to the legal conclusions set forth
2    in this paragraph.

3    159.   Defendant Allen declines to respond to the legal conclusions set forth
4    in this paragraph.

5    160.   Defendant Allen denies the legal conclusion he violated the UCL.
6    Defendant Allen denies that he engaged in any of the allegedly wrongful conduct
7    asserted at subparagraphs (a) through (g).

8    161.   Defendant Allen denies the legal and factual allegations in this
9    paragraph to the extent they are asserted against him. Allen declines to respond to
10   the legal and factual allegations asserted against Playboy in this paragraph.

11   162.   There are no legal or factual allegations directed at Defendant Allen in
12   this paragraph.   Allen declines to respond to the legal and factual allegations
13   asserted against Playboy in this paragraph.

14   163.   There are no legal or factual allegations directed at Defendant Allen in
15   this paragraph.   Allen declines to respond to the legal and factual allegations
16   asserted against Playboy in this paragraph.

17   164.   There are no legal or factual allegations directed at Defendant Allen in
18   this paragraph.   Allen declines to respond to the legal and factual allegations
19   asserted against Playboy in this paragraph.

20   165.   There are no legal or factual allegations directed at Defendant Allen in
21   this paragraph.   Allen declines to respond to the legal and factual allegations
22   asserted against Playboy in this paragraph.

23   166.   There are no legal or factual allegations directed at Defendant Allen in
24   this paragraph.   Allen declines to respond to the legal and factual allegations
25   asserted against Playboy in this paragraph.

26   ///

27   ///

28

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Case No. 2:21-cv-09749-JFW(PDx)

1049453\310713709.v1

## SIXTH CLAIM FOR RELIEF

### Intentional Interference with Contractual Relations

167-177.    This cause of action is not asserted against Defendant Allen.

## SEVENTH CLAIM FOR RELIEF

### Intentional Interference with Prospective Economic Relations

178-188.    This cause of action is not asserted against Defendant Allen.

## EIGHTH CLAIM FOR RELIEF

### Negligent Interference with Contractual Relations

189-198.    This cause of action is not asserted against Defendant Allen.

## NINTH CLAIM FOR RELIEF

### Fraudulent Inducement to Contract

199-203.    This cause of action is not asserted against Defendant Allen.

## TENTH CLAIM FOR RELIEF

### Conversion

204-213.    This cause of action is not asserted against Defendant Allen.

## ELEVENTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty

214.   Defendant Allen denies he was personally "engaged" as a consultant for TNR, but admits Monarch was so engaged.  Defendant Allen denies Plaintiff's characterization of Monarch's engagement with TNR as vague, ambiguous and overbroad.

215.   Defendant Allen denies he was personally "engaged" as a consultant for TNR and otherwise declines to speculate as to TNR's state of mind and motivations behind its engagement with Monarch.  On that basis, Defendant Allen is without sufficient information and belief to admit or deny the factual allegations and opinions in this paragraph.

216.   Defendant Allen denies he was personally "engaged" as a consultant for TNR and thus denies he owed any legal obligation to TNR personally. Defendant Allen admits Monarch was engaged as a consultant for TNR and acted in the "consultant capacity."   Defendant Allen denies Monarch breached fiduciary duties, if any, owed TNR.

217.   Defendant Allen denies he was personally "engaged" as a consultant for TNR and thus denies he owed any legal obligation to TNR personally. Notwithstanding, Defendant Allen denies the factual and legal contentions in this paragraph.

218.   Defendant Allen denies he was personally "engaged" as a consultant for TNR and thus denies he owed any legal obligation to TNR personally. Notwithstanding, Defendant Allen denies the factual and legal contentions in this paragraph.

219.   Defendant Allen denies Allen personally was offered a consulting role by Playboy in November 2019, but admits Monarch was engaged as a consultant by TNR and Playboy concurrently and while Freedom acted as TNR's distributor. Allen denies TNR was unaware of Monarch's consulting role with Playboy.

220.   Defendant Allen denies that he personally acted as a consultant for either Playboy or TNR as opposed to Monarch.  Notwithstanding, Defendant Allen denies the factual allegations in this paragraph.

221.   Defendant Allen denies that he personally acted as a consultant for either Playboy or TNR as opposed to Monarch.  Notwithstanding, Defendant Allen denies the factual allegations and legal contentions in this paragraph.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

18

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

## SECOND AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that his alleged actions were proper and did not violate any provisions of Cal. Bus. & Prof. Code §17200 *et seq.*

## THIRD AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that at all times mentioned in the First Amended Complaint, Defendant acted lawfully and within his legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

## FOURTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges Plaintiff's claims are, or may be, barred by the doctrines of unclean hands, laches, waiver and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges Plaintiff's claims are, or may be, barred because the claimed damages were not proximately cause by any acts or omissions of Defendant.

## SIXTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges Plaintiff's claims are, or may be, barred because the claimed damages, if any, were or may have been caused by the conduct of third parties including, but not limited to, the prior, intervening, or superseding conduct of third parties or other parties to this action.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges Defendant did not breach any legal duty to Plaintiff.

///

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 2:21-cv-09749-JFW(PDx)
1049453\310713709.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, losses, or damages alleged in the First Amended Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff, and the amount of damages, if any may be recovered by Plaintiff from Defendant, must be diminished in proportion that Plaintiff's own conduct which contributed to the cause of its alleged injuries, losses or damages.

## NINTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

## TENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges there existed no agency relationship as between Plaintiff and Defendant as a matter of law and fact.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges Plaintiff's action as to Defendant herein may be barred by the applicable statue of frauds.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that it reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

///

///

///

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Case No. 2:21-cv-09749-JFW(PDx)

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1049453\310713709.v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WHEREFORE, Defendant Nicholai Allen prays that Plaintiff's First Amended Complaint be dismissed with prejudice, and further requests his attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

DATED:   May 12, 2022 _____          **HINSHAW & CULBERTSON LLP**

By:  */s/ Gary E. Devlin* _____
GARY E. DEVLIN
Attorneys for Defendant NICHOLAI
ALLEN

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Case No. 2:21-cv-09749-JFW(PDx)

1049453\310713709.v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

*Thai Nippon Rubber Industry Public Limited Company v. Playboy Enterprises International, Inc., et al.*
**Case No.  2:21-cv-09749-JFW(PDx)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made.  I am over the age of 18 and not a party to the within actions; my business address is 350 South Grand Ave., Suite 3600, Los Angeles, CA 90071-3476.

On **May 12, 2022**, I served the document(s) entitled, **DEFENDANT NICHOLAI ALLEN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

## SEE ATTACHED SERVICE LIST

☐ **(BY MAIL)**:   I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid.  I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(VIA OVERNIGHT MAIL)**:   I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery.  Under that practice it would be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

☐ **(BY ELECTRONIC MAIL)**:   By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☐ **(BY FACSIMILE):** By transmitting an accurate copy via facsimile to the person and telephone number as stated.

☑ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **May 12, 2022**, at Los Angeles, California.

_____
Nora Vasquez

1
CERTIFICATE OF SERVICE

Case No. 2:21-cv-09749-JFW(PDx)
1049453\310713709.v1

1
2
3
4

<u>SERVICE LIST</u>

*Thai Nippon Rubber Industry Public Limited Company v. Playboy Enterprises International, Inc., et al.*
Case No. 2:21-cv-09749-JFW(PDx)

5  Cyndie M. Chang (SBN 227542)         Attorneys for Plaintiff
6  CMChang@duanemorris.com              THAI NIPPON RUBBER INDUSTRY
   Angelica Zabanal (SBN 303329)        PUBLIC LIMITED COMPANY
7  AAZabanal@duanemorris.com
8  Diane Byun (SBN 337155)
   DByun@duanemorris.com
9  DUANE MORRIS LLP
10 865 South Figueroa Street, Suite 3100
   Los Angeles, CA 90017-5450
11 Phone: 213-689-7400
12 Fax: 213-689-7401

13 Mark Holscher (SBN 139582)           Attorneys for Plaintiff
   mark.holscher@kirkland.com           THAI NIPPON RUBBER INDUSTRY
14 Kristin Rose (SBN 278284)            PUBLIC LIMITED COMPANY
15 kristin.rose@kirkland.com
   KIRKLAND & ELLIS LLP
16 555 South Flower Street
17 Los Angeles, CA 90071
   Phone: 213-680-8400
18 Fax: 213-680-8500

19
20 Marshall M Searcy , III (SBN 169269)  Attorneys for Defendant
   marshallsearcy@quinnemanuel.com       PLAYBOY ENTERPRISES
21 Scott B Kidman (SBN 119856)           INTERNATIONAL, INC. and
22 scottkidman@quinnemanuel.com          PRODUCTS LICENSING, LLC
   QUINN EMANUEL URQUHART AND
23 SULLIVAN LLP
24 865 South Figueroa Street 10th Floor
   Los Angeles, CA 90017
25 Phone: 213-443-3000
26 Fax: 213-443-3100

27
28

1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

Case No. 2:21-cv-09749-JFW(PDx)
1049453\310713709.v1