1   Mark Holscher (SBN 139582)
    mark.holscher@kirkland.com
2   Kristin Rose (SBN 278284)
    kristin.rose@kirkland.com
3   KIRKLAND & ELLIS LLP
    555 South Flower Street
4   Los Angeles, CA 90071
    Telephone: (213) 680-8400
5   Facsimile: (213) 680-8500

6   *Attorneys for Plaintiff*
    *Thai Nippon Rubber Industry Public*
7   *Limited Company*

8

9                  **UNITED STATES DISTRICT COURT**

10                 **CENTRAL DISTRICT OF CALIFORNIA**

11  THAI NIPPON RUBBER              )   Case No. 2:21-cv-09749-JFW
    INDUSTRY PUBLIC LIMITED         )
12  COMPANY,                        )   **THAI NIPPON RUBBER**
                                    )   **COMPANY'S ANSWER AND**
13              Plaintiff,          )   **AFFIRMATIVE DEFENSES TO**
                                    )   **PLAYBOY ENTERPRISES**
14       v.                        )   **INTERNATIONAL INC. AND**
                                    )   **PRODUCT LICENSING LLC'S**
15  PLAYBOY ENTRPRISES             )   **COUNTERCLAIMS**
    INTERNATIONAL, INC.,            )
16  PRODUCTS LICENSING LLC, and     )   The Honorable John F. Walter
    NICHOLAI ALLEN,                 )
17                                  )   FAC Filed:  March 16, 2022
                Defendants.         )
18                                  )   Trial Date:   September 26, 2023
    _____   )

19

20

21

22

23

24

25

26

27

28
    **PLAINTIFF THAI NIPPON RUBBER COMPANY'S ANSWER TO PLAYBOY**
    **ENTERPRISES INTERNATIONAL AND PRODUCT LICENSING LLC'S**
    **COUNTERCLAIMS**

## ANSWER TO COUNTERCLAIMS

Plaintiff THAI NIPPON RUBBER INDUSTRY PUBLIC LIMITED COMPANY, (hereinafter "TNR" or "Plaintiff") hereby responds to the Counterclaims filed by Defendants PLAYBOY ENTERPRISES INTERNATIONAL, INC. and PRODUCTS LICENSING LLC, (hereinafter "Playboy" or "Defendants") as follows:

## INTRODUCTION

1.      Admitted, with the exception that Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Playboy is the owner of the "Playboy brand and various trademarks" and that the "Playboy name and the 'Rabbit Head Design' or 'bunny ear' log [sic] are among the most recognized marks and images in the world," and therefore denies them.

2.      Admitted, with the exception that Plaintiff denies the allegation that Playboy was forced to terminate the PLA in November 2021.

3.      Plaintiff denies the allegations in Paragraph 3.

4.      The allegations in Paragraph 4 are conclusions of law to which no responsive pleading is necessary.  To the extent a responsive pleading is required, Plaintiff denies the allegations in Paragraph 4 and denies Playboy is entitled to any relief whatsoever.

## THE PARTIES

5.      Admitted.

6.      TNR admits that is an OEM manufacturer of high-quality condoms and lubricants.  TNR is a company incorporated under the laws of Thailand with its principal place of business in Thung Wag Don Subdistrict, Sathon District, Bangkok.

## JURISDICTION AND VENUE

7.      The allegations in Paragraph 7 are conclusions of law to which no response is required.  To the extent a response is required, Plaintiff admits that this Court has supplemental jurisdiction over Defendants' counterclaims under 28 U.S.C. § 1367.

**PLAINTIFF THAI NIPPON RUBBER COMPANY'S ANSWER TO PLAYBOY ENTERPRISES INTERNATIONAL AND PRODUCT LICENSING LLC'S COUNTERCLAIMS**

8.     The allegations in Paragraph 8 are conclusions of law to which no response is required.  To the extent a response is required, Plaintiff admits that venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9.     Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 and therefore denies them.

10.    Admitted.

11.    Admitted, with the exception that Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first two sentences of Paragraph 11, and therefore denies them.

12.    Admitted.

13.    Admitted, and clarifies that the payment of $750,000 represented 5% of the First Payment and Second Payment as such terms are defined in Clause 3 of the Novation Agreement.

14.    Admitted, with the exception that Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that TNR was subject to the "same contractually specified obligations" as UMD.  Plaintiff admits that pursuant to the Novation Agreement, UMD's rights and obligations under the PLA were transferred to TNR.

15.    Plaintiff admits that it became the licensee under the PLA in April 2018. The remaining allegations in Paragraph 15 are conclusions of law to which no responsive pleading is necessary.  To the extent a responsive pleading is required, Plaintiff denies the remaining allegations in Paragraph 15.

16.    Plaintiff admits that Section 2.i(i) of the PLA contains the quoted language, but denies that Paragraph 16 represents a full or accurate quote.  Section 2.i(i) of the PLA states that items bearing the Playboy Properties must be approved in advance by the Licensor, "which shall not be unreasonably denied, delayed or conditioned."

3

**PLAINTIFF THAI NIPPON RUBBER COMPANY'S ANSWER TO PLAYBOY ENTERPRISES INTERNATIONAL AND PRODUCT LICENSING LLC'S COUNTERCLAIMS**

17.  Plaintiff admits that Section 2.i(v) of the PLA contains the quoted language.

18.  Plaintiff admits that Section 2.i(vi) of the PLA contains the quoted language. The remaining allegations in Paragraph 18 are conclusions of law to which no responsive pleading is necessary. To the extent a responsive pleading is required, Plaintiff denies the remaining allegations in Paragraph 18.

19.  Plaintiff admits that Section 6 of the PLA contains the quoted language. The remaining allegations in Paragraph 19 are conclusions of law to which no responsive pleading is necessary. To the extent a responsive pleading is required, Plaintiff denies the remaining allegations in Paragraph 19.

20.  Plaintiff admits that Sections 2.k(i) and 2.k(ii) of the PLA contain the quoted language. The remaining allegations in Paragraph 20 are conclusions of law to which no responsive pleading is necessary. To the extent a responsive pleading is required, Plaintiff denies the remaining allegations in Paragraph 20.

21.  Plaintiff admits that Exhibits C and D to the PLA are a form Supplier/Subcontractor Contract and a form Distributor Contract respectively. The remaining allegations in Paragraph 21 are conclusions of law to which no responsive pleading is necessary. To the extent a responsive pleading is required, Plaintiff denies the remaining allegations in Paragraph 21.

22.  Admitted, with the exception that pursuant to the Seventh Amendment to the PLA, effective as of April 12, 2018, "Guaranteed Royalties" under the PLA were replaced by a "Minimum Service Fee."

23.  Admitted, except that Plaintiff denies Playboy was forced to terminate the PLA and denies that TNR owes Playboy any Minimum Service Fees.

24.  Admitted.

25.  Admitted.

4

**PLAINTIFF THAI NIPPON RUBBER COMPANY'S ANSWER TO PLAYBOY ENTERPRISES INTERNATIONAL AND PRODUCT LICENSING LLC'S COUNTERCLAIMS**

26.   Plaintiff denies that there was a "standard invoice price" and therefore denies the allegations in Paragraph 26.

27.   Admitted.

28.   Plaintiff admits that the PLA defines "Net Sales" as quoted in Paragraph 28, except that subsection (y) omits the language "including anticipations."   The remaining allegations in Paragraph 28 are conclusions of law to which no responsive pleading is necessary.   To the extent a responsive pleading is required, Plaintiff denies the remaining allegations in Paragraph 28.

29.   Plaintiff admits that Section 2.1.(ii) of the PLA contains the quoted language.   Plaintiff denies that all Products were required to be affixed with Playboy's Hologram.   Pursuant to Section 2.l.(iv) of the PLA, products sold in the United States were not required to be affixed with the Hologram, and Hologram usage was also subject to local laws and regulations pursuant to Section 2.b.(ii) of the PLA.

30.   The allegations in Paragraph 30 are conclusions of law to which no responsive pleading is necessary.   To the extent a responsive pleading is required, Plaintiff admits that TNR was not required to affix the Hologram to Products sold in the United States, but such Products were required to carry a propriety bar code. Plaintiff denies the remaining allegations in Paragraph 30.

31.   Plaintiff admits that Section 2.o.(i) of the PLA contains the quoted language.   Plaintiff denies the remaining allegations in Paragraph 31.

32.   Plaintiff admits that Section 2.o.(i) of the PLA contains the quoted language.   Plaintiff denies the remaining allegations in Paragraph 32.

33.   Plaintiff admits the first sentence of Paragraph 33.   Plaintiff denies that the second sentence is an accurate description of the approval process under Section 2.o.(ii) of the PLA, which states that "[i]n the event Licensor, in its reasonable discretion, does not approve of any such plan, Licensee must submit a revised plan or plans to Licensor, for its approval, within not more than fifteen (15) days following Licensee's receipt of

5

**PLAINTIFF THAI NIPPON RUBBER COMPANY'S ANSWER TO PLAYBOY ENTERPRISES INTERNATIONAL AND PRODUCT LICENSING LLC'S COUNTERCLAIMS**

Licensor's notice of disapproval and Licensee must incorporate revisions into the plan or plans that address Licensor's concerns or reasons for disapproval."

34.    Plaintiff admits that Section 2.f. of the PLA contains the quoted language. The remaining allegations in Paragraph 34 are conclusions of law to which no responsive pleading is required.   To the extent a responsive pleading is required, Plaintiff denies the remaining allegations in Paragraph 34.

35.    Plaintiff admits that Section 19 of the PLA contains the quoted language. The remaining allegations in Paragraph 35 are conclusions of law to which no responsive pleading is required.   To the extent a responsive pleading is required, Plaintiff denies the remaining allegations in Paragraph 35.

36.    Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 and therefore denies them.

37.    Plaintiff admits that CGCL conducted an audit at TNR's office in Bangkok, Thailand in April 26-30, 2021 of the years 2018-2021, and that CGCL issued its audit report on June 7, 2021, but otherwise denies the allegations in Paragraph 37.

38.    Plaintiff denies the allegations in Paragraph 38.

39.    Plaintiff denies the allegations in Paragraph 39.

40.    Plaintiff denies the allegations in Paragraph 40.

41.    Plaintiff denies the allegations in Paragraph 41.

42.    Plaintiff denies the allegations in Paragraph 42.

43.    Plaintiff denies the allegations in Paragraph 43.

44.    Plaintiff denies the allegations in Paragraph 44.

45.    Plaintiff denies the allegations in Paragraph 45.

46.    Plaintiff denies the allegations in Paragraph 46.

47.    Plaintiff denies the allegations in Paragraph 47.

48.    Plaintiff denies the allegations in Paragraph 48.

49.    Plaintiff denies the allegations in Paragraph 49.

6

50.     Plaintiff denies the allegations in Paragraph 50.

51.     Plaintiff denies the allegations in Paragraph 51.

52.     Plaintiff denies the allegations in Paragraph 52.

53.     Plaintiff denies the allegations in Paragraph 53.

54.     Plaintiff denies the allegations in Paragraph 54.

55.     Plaintiff denies the allegations in Paragraph 55.

56.     Plaintiff denies the allegations in Paragraph 56.

57.     Plaintiff denies the allegations in Paragraph 57.

58.     Plaintiff denies the allegations in Paragraph 58.

59.     Plaintiff denies the allegations in Paragraph 59.

60.     Plaintiff denies the allegations in Paragraph 60.

61.     Plaintiff denies the allegations in Paragraph 61.

62.     Plaintiff denies the allegations in Paragraph 62.

63.     Plaintiff denies that there was a "standard invoice price" and therefore denies the allegations in Paragraph 63.

64.     Plaintiff denies the allegations in Paragraph 64.

65.     Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65 and therefore denies them.

66.     Plaintiff admits that there were discussions between representatives of TNR and Playboy following CGCL's audit and prior to Playboy's termination of the PLA, but otherwise denies the allegations in Paragraph 66.

67.     Plaintiff admits that Playboy reduced the amount it sought in connection with TNR's alleged breaches from $8,622,713 to $1,610,078, but also conditioned the return of rights to certain territories to Playboy.  Plaintiff denies the remaining allegations in Paragraph 67.

**PLAINTIFF THAI NIPPON RUBBER COMPANY'S ANSWER TO PLAYBOY ENTERPRISES INTERNATIONAL AND PRODUCT LICENSING LLC'S COUNTERCLAIMS**

68.     Plaintiff admits its outside counsel, Duane Morris LLP, sent a letter to Playboy in September 2021 that contains language quoted in the last sentence of Paragraph 68, but otherwise denies the allegations in Paragraph 68.

69.     Plaintiff admits that Playboy terminated the PLA, but otherwise denies the allegations in Paragraph 69.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract Against TNR)

70.     Plaintiff repeats and realleges its responses set forth in each of the preceding paragraphs as if fully set forth herein.

71.     Admitted.

72.     Plaintiff denies the allegations in Paragraph 72.

73.     The allegations in Paragraph 73 are conclusions of law to which no responsive pleading is necessary.  To the extent a responsive pleading is necessary, Plaintiff denies that the language in Paragraph 73 is a full or accurate description of TNR's obligations under the PLA.

74.     Plaintiff denies the allegations in Paragraph 74.

75.     The allegations in Paragraph 75 are conclusions of law to which no responsive pleading is necessary.  To the extent a responsive pleading is required, Plaintiff denies the allegations in Paragraph 75 and deny Playboy is entitled to any relief whatsoever.

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement, Violation of the Lanham Act. 15 U.S.C. § 1114)

76.     Plaintiff repeats and realleges its responses set forth in each of the preceding paragraphs as if fully set forth herein.

77.     The allegations in Paragraph 77 are conclusions of law to which no responsive pleading is necessary.  To the extent a responsive pleading is necessary,

**PLAINTIFF THAI NIPPON RUBBER COMPANY'S ANSWER TO PLAYBOY ENTERPRISES INTERNATIONAL AND PRODUCT LICENSING LLC'S COUNTERCLAIMS**

Plaintiff denies that the allegations in Paragraph 77 are a full and accurate description of TNR's rights and obligations under the PLA.

78.   Plaintiff denies the allegations in Paragraph 78.

79.   Plaintiff denies the allegations in Paragraph 79.

80.   Plaintiff denies the allegations in Paragraph 80.

81.   The allegations in Paragraph 81 are conclusions of law to which no responsive pleading is necessary.  To the extent a responsive pleading is required, Plaintiff denies the allegations in Paragraph 81.

82.   Plaintiff denies the allegations in Paragraph 82 and denies Playboy is entitled to any relief whatsoever.

## THIRD CLAIM FOR RELIEF

### (Accounting)

83.   Plaintiff repeats and realleges its responses set forth in each of the preceding paragraphs as if fully set forth herein.

84.   Plaintiff denies the allegations in Paragraph 84.

85.   Plaintiff denies the allegations in Paragraph 85 and denies Playboy is entitled to any relief whatsoever.

## PRAYER FOR RELIEF

**ANSWER:** Plaintiff denies that Playboy is entitled to the relief sought.  Plaintiff requests that the Court deny such relief sought by Playboy in its entirety with prejudice.

## PLAINTIFF'S AFFIRMATIVE DEFENSES

Thai Nippon Rubber Industry Public Company Limited sets forth below its affirmative defenses. Each affirmative defense is asserted as to all claims against Playboy Enterprises International and Product Licensing LLC.  By setting forth these affirmative defenses, Plaintiff does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Defendants. Moreover, nothing stated herein is intended to be construed as an acknowledgement

9

that any particular issue or subject matter is relevant to Defendants' allegations.  Nor shall anything stated or unstated constitute an admission of any kind.  Plaintiff reserves the right to amend this Answer to assert any defenses or affirmative defenses as discovery may warrant, and reserves all applicable equitable and legal defenses.

<strong><u>FIRST AFFIRMATIVE DEFENSE</u></strong>

Defendants fail to state a claim upon which relief may be granted.

<strong><u>SECOND AFFIRMATIVE DEFENSE</u></strong>

To the extent that the Defendants attempt to seek equitable relief against Plaintiff, the Defendants are not entitled to such relief because the Defendants have an adequate remedy at law.

<strong><u>THIRD AFFIRMATIVE DEFENSE</u></strong>

Defendants' own conduct precludes recovery in this action.  Defendants' claims are barred by the equitable doctrines of unclean hands, laches, waiver, estoppel, and acquiescence.

<strong><u>FOURTH AFFIRMATIVE DEFENSE</u></strong>

Defendants' claims are barred by the failure to mitigate damages, or Defendants' failure to mitigate damages should be proportionately reduce the recovery of Defendants and the allocation of any fault, if any exists, attributable to Defendants.

<strong><u>FIFTH AFFIRMATIVE DEFENSE</u></strong>

Defendants' claims against Plaintiff for damages are barred, in whole or in part, because such damages are speculative, remote, and uncertain.

<strong><u>SIXTH AFFIRMATIVE DEFENSE</u></strong>

Defendants' claims are barred because Playboy failed to perform according to the terms of the contract and therefore committed the first breach of the contract.

<strong><u>SEVENTH AFFIRMATIVE DEFENSE</u></strong>

Defendants' claims are barred because TNR did not breach any legal duty under the contract to TNR and therefore did not breach the contract.

10

1

## EIGHTH AFFIRMATIVE DEFENSE

2

Defendants' claims are barred because TNR was at all times in substantial

3

compliance with the contract.

4

## NINTH AFFIRMATIVE DEFENSE

5

Defendants' claims and the relief sought are barred, in whole or in part, because

6

Defendants have not sustained any damages and have suffered no harm caused by

7

Plaintiff.

8

## TENTH AFFIRMATIVE DEFENSE

9

Defendants' claims are barred, in whole or in part, by Defendants' trademark

10

misuse.

11

## ELEVENTH AFFIRMATIVE DEFENSE

12

Plaintiff reserves the right to allege and assert any additional and/or further

13

affirmative defenses as become apparent to Plaintiff during the course of this litigation.

14

15

DATED:  July 12, 2022                    KIRKLAND & ELLIS LLP

16

17

*/s/ Mark Holscher*

18

Mark Holscher (SBN 139582)
mark.holscher@kirkland.com

19

Kristin Rose (SBN 278284)
kristin.rose@kirkland.com

20

KIRKLAND & ELLIS LLP
555 South Flower Street

21

Los Angeles, CA 90071
Telephone: (213) 680-8400

22

Facsimile: (213) 680-8500

23

*Attorneys for Plaintiff*
*Thai Nippon Rubber Industry Public*

24

*Limited Company*

25

26

27

28

11

**PLAINTIFF THAI NIPPON RUBBER COMPANY'S ANSWER TO PLAYBOY ENTERPRISES INTERNATIONAL AND PRODUCT LICENSING LLC'S COUNTERCLAIMS**