# Exhibit A

1 | Mark Holscher (SBN 139582)
mark.holscher@kirkland.com
2 | Michael Shipley (SBN 355040)
michael.shipley@kirkland.com
3 | Kristin Rose (SBN 278284)
kristin.rose@kirkland.com
4 | KIRKLAND & ELLIS LLP
555 South Flower Street
5 | Los Angeles, CA 90071
Telephone: (213) 680-8400
6 | Facsimile: (213) 680-8500

7 | *Attorneys for Plaintiff*
*Thai Nippon Rubber Industry Public*
8 | *Limited Company*

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | THAI NIPPON RUBBER
INDUSTRY PUBLIC LIMITED
COMPANY,        )

13

|        Plaintiff, )

14 |        v. )

15 |
PLAYBOY ENTERPRISES
16 | INTERNATIONAL, INC.,
PRODUCTS LICENSING, LLC, and
17 | NICHOLAI ALLEN )

18 |        Defendants. )

19
20
21
22
23

Case No. 2:21-cv-09749-JFW-PD

**DISCOVERY MATTER**

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) UNDER THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

Judge:       Hon. Patricia Donahue

FAC Filed: March 16, 2022
Motion to Dismiss Filed: April 26, 2022

Pre-Trial Conference: September 1, 2023
Trial Date: September 26, 2023

The United States District Court for the Central District of California respectfully requests international judicial assistance to obtain evidence, under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to be used in the above captioned litigation in this Court.

Based on the representations made by Plaintiff Thai Nippon Rubber Industry Public Limited Company ("TNR"), this Court believes that Credence Global Consulting Limited ("Credence") is in possession of documents and has knowledge regarding material facts that are relevant for the proper prosecution of the above referenced litigation. This Court requests the assistance described below:

| | |
|---|---|
| 1.  Sender | Mark Holscher (SBN 139582)<br>mark.holscher@kirkland.com<br>Michael Shipley (SBN 355040)<br>michael.shipley@kirkland.com<br>Kristin Rose (SBN 278284)<br>kristin.rose@kirkland.com<br>Kirkland & Ellis LLP<br>555 South Flower Street<br>Los Angeles, CA 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |
| 2.  Central Authority of Requested State | Chief Secretary for Administration<br>Hong Kong Special Administrative Region<br>Government<br>Room 321, 3/F, East Wing<br>Central Government Offices<br>2 Tim Mei Avenue<br>Admiralty<br>Hong Kong, China |
| 3.  Person to whom the executed request is to be returned | Mark Holscher (SBN 139582)<br>mark.holscher@kirkland.com<br>Michael Shipley (SBN 355040)<br>michael.shipley@kirkland.com<br>Kristin Rose (SBN 278284)<br>kristin.rose@kirkland.com<br>Kirkland & Ellis LLP<br>555 South Flower Street<br>Los Angeles, CA 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |
| Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | |

REQUEST FOR ISSUANCE OF LETTER ROGATORY

| Date | A response is requested by May 1, 2023, or as soon as practicable. |
|---|---|
| Reason for urgency | The requested discovery is necessary to determine facts relevant to the above referenced litigation, and to assist Plaintiffs in rebutting the Defendants' claims against them through the presentation of evidence at trial.<br><br>Expedient treatment of this request will allow the United States District Court for the Central District of California to make an informed decision on the merits of this litigation. |

In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:

| Requesting judicial authority (Article 3, a) | United States District Court Judge<br>U.S. District Court for the Central District of California<br>Courtroom 580<br>255 E. Temple St.<br>Los Angeles, CA 90012<br>United States of America |
|---|---|
| To the competent authority of (Article 3, a) | Chief Secretary for Administration Hong Kong Special Administrative Region |
| Names of the case and any identifying number | *Thai Nippon Rubber Industry Public Limited Company v. Playboy Enterprises International, Inc., Products Licensing, LLC, and Nicholai Allen*, Case No. 21-cv-0749-JFQ |

Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3, b)

| Plaintiffs (Complainants) | Thai Nippon Rubber Industry Public Limited Company<br>1 Charoenrat Road, Thung<br>Wat Don Subdistrict, Sathon District, Bangkok 10120 |
|---|---|
| Representatives | Mark Holscher (SBN 139582)<br>mark.holscher@kirkland.com<br>Michael Shipley (SBN 355040)<br>michael.shipley@kirkland.com<br>Kristin Rose (SBN 278284)<br>kristin.rose@kirkland.com<br>Kirkland & Ellis LLP<br>555 South Flower Street |

REQUEST FOR ISSUANCE OF LETTER ROGATORY

| | |
|---|---|
| | Los Angeles, CA 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |
| Defendants | Playboy Enterprises International, Inc.<br>c/o Marshall M. Searcy, III<br>Quinn Emanuel Urquhart & Sullivan LLP<br>865 South Figueroa Street 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Products Licensing, LLC<br>c/o Marshall M. Searcy, III<br>Quinn Emanuel Urquhart & Sullivan LLP<br>865 South Figueroa Street 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Nicholai Allen<br>c/o Gary E. Devlin<br>gdevlin@hinshawlaw.com<br>Hinshaw & Culbertson LLP<br>350 South Grand Ave., Suite 3600<br>Los Angeles, CA 90071<br>Telephone: (310) 909-8000<br>Facsimile: (310) 909-8001 |
| Representatives | Marshall M. Searcy, III<br>marshallsearcy@quinnemanuel.com<br>Scott B. Kidman<br>scottkidman@quinnemanuel.com<br>Kristen Bird<br>kristenbird@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan LLP<br>865 South Figueroa Street 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Gary E. Devlin<br>gdevlin@hinshawlaw.com<br>Hinshaw & Culbertson LLP<br>350 South Grand Ave., Suite 3600<br>Los Angeles, CA 90071<br>Telephone: (310) 909-8000<br>Facsimile: (310) 909-8001 |
| Other Parties | None |
| Nature of proceedings and summary of the facts | This is a pending civil case in the District Court for the Central District of California. Non-party Credence is at the center of a dispute over a Product License Agreement between the Plaintiff and |

| | |
|---|---|
| | Defendants. Credence was engaged to conduct an audit, which purported to find that Plaintiff had committed various breaches under the Product License Agreement, and on that basis Defendant Playboy terminated the Product License Agreement on November 5, 2021. Defendant Playboy's counterclaims are based in substantial part on the findings of the audit conducted by Credence. Plaintiff disputes the audit's findings. |
| Evidence to be obtained or other judicial act to be performed (Article 3, d) | It is respectfully requested that the Hong Kong Special Administrative Region of China order Credence to produce copies of documents as described in Attachment 1 from:<br><br>Credence Global Consulting Limited<br>RM 1411 14/F COSCO TWR<br>183 Queen's Rd. C<br>Sheung Wan, Hong Kong |
| Purpose of the evidence or judicial act sought | The requested documents will provide important evidence related to the claims, counterclaims and defenses in this litigation.  Specifically, TNR alleges that Playboy employed Credence to conduct a pretextual audit of TNR for the purposes of wrongfully terminating the Product License Agreement. |
| Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h) | It is respectfully requested that each document described in Attachment 1 be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction, as maintained in the ordinary course of business. |
| Special methods or procedure to be followed (Articles 3, i and 9) | In the event that any document called for by these requests is withheld in whole or in part on the basis of any applicable privilege, it is requested that Credence furnish a privilege log that identifies each document for which any privilege is claimed and that provides, with respect to each document, the following information:<br><br>(a) the date the document was created and last modified;<br><br>(b) the subject matter of the document;<br><br>(c) the person(s) who prepared the document; |

| | |
|---|---|
| | (d) all persons to whom the document was distributed, shown, or explained; |
| | (e) the document's present custodian; and |
| | (f) the nature of the privilege asserted. |
| Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7) | It is requested that the individuals identified below be furnished as soon as practicable with a copy of the executed Letter of Request.<br><br>Mark Holscher (SBN 139582)<br>mark.holscher@kirkland.com<br>Michael Shipley (SBN 355040)<br>michael.shipley@kirkland.com<br>Kristin Rose (SBN 278284)<br>kristin.rose@kirkland.com<br>Kirkland & Ellis LLP<br>555 South Flower Street<br>Los Angeles, CA 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |
| Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8) | None |
| Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b) | The custodian may refuse to give evidence only insofar as he or she has a privilege or duty to refuse to give evidence under the laws of the United States. |
| The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | Mark Holscher (SBN 139582)<br>mark.holscher@kirkland.com<br>Michael Shipley (SBN 355040)<br>michael.shipley@kirkland.com<br>Kristin Rose (SBN 278284)<br>kristin.rose@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 South Flower Street<br>Los Angeles, CA 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |
| Date of Request | March 2, 2023 |

| | |
|---|---|
| Attachment 1 | Documents to be Produced by Credence |
| Attachment 2 | Protective Order |

1

2

3

4

5   Dated: _____, 2023

6

7

8

9   Dated: _____, 2023

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Honorable Patricia Donahue
Magistrate Judge

Kiry K. Gray, Clerk of Court
by (deputy clerk signature)

Deputy Clerk
(deputy clerk's printed name)

Seal (District Court Inked Stamp Seal
affixed here):

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>ATTACHMENT 1</u>**

## DEFINITIONS

Unless otherwise indicated, the following definitions shall apply to each of the requests below and should be considered as part of each such request.

1.      "CAA" means Creative Artists Agency - Global Brands Group, and any PERSON acting directly or indirectly by, through, or under it, or on its behalf, including but not limited to, its current or former members, directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives, and any current or former corporation, limited liability company, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest of it and any other PERSON acting on its behalf.

2.      "COMMUNICATION(S)" refers to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3.      "DOCUMENT(S)" is defined as writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

4.      "EMPLOYEE(S)" shall mean past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting or purporting to act on behalf of an entity.

5.      "PLAYBOY" means Playboy Enterprises International, Inc. and Products Licensing, LLC, including, without limitation, its officers, directors, employees, agents, representatives, corporate parent, subsidiaries, or affiliates.

6.      "TNR" shall mean Thai Nippon Rubber Industry Public Limited Company, UMD's successor-in-interest, and any PERSON acting directly or indirectly by, through, or under it, or on its behalf, including but not limited to, its current or former members, directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives, and any current or former corporation, limited liability company, partnership, association, trust, parent,

subsidiary, division, affiliate, predecessor-in interest and successor-in-interest of it and any other PERSON acting on its behalf.

7.      "UMD" shall mean United Medical Devices, LLC, predecessor-in-interest to TNR, and any PERSON acting directly or indirectly by, through, or under it, or on its behalf, including but not limited to, its current or former members, directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives, and any current or former corporation, limited liability company, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in interest and successor-in-interest of it and any other PERSON acting on its behalf.

8.      "YOU" and "YOUR" shall mean Credence Global Consulting Limited, and any PERSON acting directly or indirectly by, through, or under it, or on its behalf, including but not limited to, its current or former members, directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives, and any current or former corporation, limited liability company, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in interest and successor-in-interest of it and any other PERSON acting on its behalf.

## **INSTRUCTIONS**

1.      If you have any questions or would like help, please feel free to contact Michael Shipley, Esq. at Kirkland & Ellis LLP in Los Angeles, California by either email michael.shipley@kirkland.com or +1 213-680-8222.

2.      Please produce electronically stored information in the native form in which it is ordinally maintained.  Paper documents, if any, may be scanned and produced as PDF files.

3.      If documents are available in multiple languages, please produce at least the English version of the document.

1    4.     Confidential documents may be produced in accordance with the

2    Protective Order entered in this case by the U.S. District Court for the Central District

3    of California, a copy of which is attached as Attachment 2.

4    5.     Except where otherwise noted, the relevant time period for each

5    REQUEST shall be from April 1, 2010 through December 17, 2021.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

Retention agreements between YOU and PLAYBOY and/or CAA regarding YOUR audit(s) of UMD.

**REQUEST FOR PRODUCTION NO. 2:**

COMMUNICATIONS between YOUR EMPLOYEES or between YOU and PLAYBOY and/or CAA related to the audit(s) YOU conducted of UMD.

**REQUEST FOR PRODUCTION NO. 3:**

Retention agreements between YOU and PLAYBOY and/or CAA regarding YOUR audit(s) of TNR.

**REQUEST FOR PRODUCTION NO. 4:**

COMMUNICATIONS between YOUR EMPLOYEES or between YOU and PLAYBOY or CAA related to the audit(s) YOU conducted of TNR.

**REQUEST FOR PRODUCTION NO. 5:**

Reports, recommendations, or findings YOU created or drafted regarding TNR's performance under the PLA in connection with the audit(s) YOU conducted of TNR.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS sufficient to show the sources of information YOU consulted in reaching YOUR audit findings or creating or drafting audit report(s) or recommendation(s) in connection with YOUR audit(s) of TNR.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS and COMMUNICATIONS regarding how YOU reached YOUR findings or conclusions contained in the audit report(s) or recommendation(s) YOU issued in connection with YOUR audit(s) of TNR.

1  **REQUEST FOR PRODUCTION NO. 8**:

2      COMMUNICATIONS between YOUR EMPLOYEES or between YOU and

3  PLAYBOY or CAA regarding the results of reports, recommendations, or findings

4  YOU created or drafted in connection with YOUR audit(s) of TNR.

5  **REQUEST FOR PRODUCTION NO. 9**:

6      COMMUNICATIONS between YOUR EMPLOYEES or between YOU and

7  PLAYBOY or CAA regarding what actions to take in response to reports,

8  recommendations, or findings YOU created or drafted in connection with YOUR

9  audit(s) of TNR.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ATTACHMENT 2**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KIRKLAND & ELLIS LLP
Mark Holscher (SBN 139582)
mark.holscher@kirkland.com
Kristin Rose (SBN 278284)
kristin.rose@kirkland.com
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff*
*Thai Nippon Rubber Industry Public Limited Company*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Marshall M. Searcy III (Bar No. 169269)
marshallsearcy@quinnemanuel.com
Scott B. Kidman (Bar No. 119856)
scottkidman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017–2543
Telephone:  (213) 443–3000
Facsimile:  (213) 443–3100

*Attorneys for Defendants*
*Playboy Enterprises International, Inc.*
*Products Licensing, LLC*

HINSHAW & CULBERTSON LLP
Gary E. Devlin (SBN 210517)
gdevlin@hinshawlaw.com
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone: 310-909-8000
Facsimile: 310-909-8001

*Attorneys for Defendant*
*Nicholai Allen*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Thai Nippon Rubber Industry Public Limited Company,<br><br>Plaintiff,<br><br>vs.<br><br>Playboy Enterprises International, Inc., Products Licensing, LLC, and Nicholai Allen<br><br>Defendants. | Case No. 2:21-cv-9749–JFW–PD<br><br>**STIPULATION AND PROTECTIVE ORDER [DISCOVERY MATTER: REFERRED TO MAGISTRATE JUDGE HON. PATRICIA DONAHUE]**<br><br>Judge:      Hon. John F. Walter<br><br>Trial Date:   September 26, 2023 |

# 1.   **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 1.1   GOOD CAUSE STATEMENT

This action is likely to involve confidential, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information relating to the parties' international distribution practices, information regarding customers and prices, information regarding confidential business practices, or other confidential, commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information

1    will not be designated as confidential for tactical reasons and that nothing be so

2    designated without a good faith belief that it has been maintained in a confidential,

3    non–public manner, and there is good cause why it should not be part of the public

4    record of this case.

5         1.2    <u>ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER</u>

6    <u>SEAL</u>

7         The parties further acknowledge, as set forth in Section 12.3, below, that this

8    Stipulated Protective Order does not entitle them to file confidential information

9    under seal; Local Civil Rule 79–5 sets forth the procedures that must be followed

10    and the standards that will be applied when a party seeks permission from the Court

11    to file material under seal.

12         There is a strong presumption that the public has a right of access to judicial

13    proceedings and records in civil cases. In connection with non–dispositive motions,

14    good cause must be shown to support a filing under seal, *See Kamakana v. City and*

15    *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors*

16    *Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002), and a specific showing of good

17    cause or compelling reasons with proper evidentiary support and legal justification,

18    must be made with respect to Protected Material that a party seeks to file under seal.

19    The parties' mere designation of Disclosure or Discovery Material as

20    CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY does not—

21    without the submission of competent evidence by declaration, establishing that the

22    material sought to be filed under seal qualifies as confidential, privileged, or

23    otherwise protectable—constitute good cause.

24         Further, if a party requests sealing related to a dispositive motion or trial, then

25    compelling reasons, not only good cause, for the sealing must be shown, and the

26    relief sought shall be narrowly tailored to serve the specific interest to be protected.

27    *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677–79 (9th Cir. 2010). For

28    each item or type of information, document, or thing sought to be filed or introduced

STIPULATION AND PROTECTIVE ORDER

under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 2. **DEFINITIONS**

2.1 <u>Action</u>: the above–captioned case.

2.2 <u>Challenging Party</u>: a Party or Non–Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>"CONFIDENTIAL-ATTORNEYS' EYES ONLY (AEO)" Information or Items</u>: extremely sensitive "Confidential Information or Items," that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement that are believed to contain highly sensitive or proprietary information, such as trade secrets and non-public, commercially sensitive financial data, business information, or research that would harm the Designating Party's competitive standing if disclosed directly to a Party to this action or to the public.

2.5     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff, including regular or temporary employees and service vendors of such Counsel).

2.6     Designating Party: a Party or Non–Party that designates information or items produced in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL-AEO."

2.7     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action (as well as the Expert's support staff).

2.9     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     Non–Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this Action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff, including regular or temporary employees and service vendors.

2.12     Party: any named party to this action, including all of its officers, directors, employees, consultants or advisors assisting the party in this action, retained experts, and Outside Counsel of Record (and their support staffs).

STIPULATION AND PROTECTIVE ORDER

2.13  <u>Producing Party</u>: a Party or Non–Party that produces Disclosure or Discovery Material in this action.

2.14  <u>Professional Vendors</u>: persons or entities engaged by a Party (through Outside Counsel of Record or otherwise) that provide litigation support services in this Action (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL-AEO."

2.16  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.  <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Disclosure and Discovery Material and Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

This Stipulation and Order also applies to all non-Parties that are served with subpoenas or who otherwise produce documents or are noticed for depositions in the Action, and all such non-Parties are entitled to the protections afforded hereby and subject to the obligations herein upon signing a Declaration in the form provided as <u>Exhibit A</u>.  Any Party or its counsel serving a subpoena, after the date this Protective Order is entered, which requires the production of documents or testimony upon a non-Party shall serve a copy of this Order along with such subpoena.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the

time of disclosure to a Receiving Party or becomes part of the public domain after
its disclosure to a Receiving Party as a result of publication not involving a violation
of this Order, including becoming part of the public record through trial or
otherwise; and (b) any information known to the Receiving Party prior to the
disclosure or obtained by the Receiving Party after the disclosure from a source who
obtained the information lawfully and under no obligation of confidentiality to the
Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the
trial judge. This Order does not govern the use of Protected Material at trial.

## 4.  **DURATION**

Final Disposition of the action is defined as the later of (1) dismissal of all
claims and defenses in this action, with or without prejudice; and (2) final judgment
herein after the completion and exhaustion of all appeals, rehearings, remands,
trials, or reviews of this action, including the time limits for filing any motions or
applications for extension of time pursuant to applicable law.  The terms of this
protective order shall survive Final Disposition of the action for any retained
Protected Material.  The parties may stipulate that they will be contractually bound
by the terms of this agreement beyond Final Disposition, but will have to file a
separate action for enforcement of the agreement once all proceedings in this case
are complete.

Once a case proceeds to trial, information that was designated as
CONFIDENTIAL, CONFIDENTIAL-AEO or maintained pursuant to this
protective order that is used or introduced as an exhibit at trial becomes public and
will be presumptively available to all members of the public, including the press,
unless compelling reasons supported by specific factual findings to proceed
otherwise are made to the trial judge in advance of the trial. *See Kamakana*,
447 F.3d at 1180–81 (distinguishing "good cause" showing for sealing documents

produced in discovery from "compelling reasons" standard when merits–related documents are part of court record).

## 5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non–Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only the material, documents, items or oral or written communications that qualify so that other material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party should promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL-AEO," as the case may be, to each page that contains protected material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify it as "CONFIDENTIAL" or "CONFIDENTIAL-AEO" within thirty (30) days of the receipt of the final transcript of the deposition, hearing, or other proceeding. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "CONFIDENTIAL-AEO."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL-AEO," as the case may be.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

In the event that any Disclosure or Discovery Material is inadvertently produced without a "CONFIDENTIAL" or "CONFIDENTIAL-AEO" designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Disclosure or Discovery Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-AEO," as the case may be (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Disclosure or Discovery Material shall promptly destroy the inadvertently produced Disclosure or Discovery Material and all copies thereof, or, at the expense of the Producing Party, return such together with all copies of such Disclosure or Discovery Material to counsel for the Producing Party and shall retain only the "CONFIDENTIAL" or "CONFIDENTIAL-AEO" materials. Should the Receiving Party choose to destroy such inadvertently produced Disclosure or Discovery Material, the Receiving Party shall notify the Producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not

intended to apply to any inadvertent production of any Disclosure or Discovery Material protected by attorney-client or work product privileges, which is addressed specifically in Section 11 below. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>. Any Party or Non–Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37–1 et seq.

6.3    <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37–2.

6.4    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>. A Receiving Party may use Disclosure and Discovery Material, including Protected Material, that is disclosed or produced by another Party or by a Non–Party in connection with this Action only, for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with

–10–

the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

      (b) the officers, directors, employees, and consultants or advisors assisting in this Action (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

      (c) Experts (as defined in this Order) of the Receiving Party, as well as employees of said Experts, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d) the Court and its personnel;

      (e) court reporters, stenographers, or videographers who record testimony in connection with this Action;

      (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      (h) witnesses, noticed or subpoenaed, either at a deposition, through other Discovery Requests, or in court proceedings, and the witness's counsel, to the extent that such disclosure is reasonably necessary for the proceedings or the resolution of

the Disputes, provided: (1)  the witness sign the form attached as Exhibit A hereto; and (2) the witness and his or her attorneys will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, or appointed by the Court.

7.3    Disclosure of "CONFIDENTIAL-AEO" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL-AEO" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  Experts (as defined in this Order) of the Receiving Party, as well as employees of said Experts, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  the Court and its personnel;

(d)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)  the author or recipient of a document containing the information or a

custodian or other person who otherwise possessed or knew the information;

(f) witnesses being questioned, either at a deposition or in court proceedings, and the witnesses' counsel, where the witness is indicated on the face of the document to have been an author, addressee, or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting, in each case only to the extent such disclosure is reasonably necessary for the proceedings or the resolution of the Action, provided that the witness has signed or agreed on the record to sign a Declaration in the form of <u>Exhibit A</u> provided hereto. Those witnesses and their counsel who are shown "CONFIDENTIAL-AEO" material shall not be allowed to retain copies.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in another litigation or proceeding that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL-AEO" that Party must:

(a) promptly notify in writing the Designating Party, and, if different, the Producing Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL-AEO" before a determination by the

–13–

court or other authorized body from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court or forum of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.    A NON–PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non–Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL-AEO."  Such information produced by Non–Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non–Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non–Party's confidential information in its possession, and the Party is subject to an agreement with the Non–Party not to produce the Non–Party's confidential information, then the Party shall:

1) promptly notify in writing the Requesting Party and the Non– Party that some or all of the information requested is subject to a confidentiality agreement with a Non–Party;

2) promptly notify in writing the Requesting Party and the Non– Party that some or all of the information requested is subject to a confidentiality agreement with a Non–Party;

3) make the information requested available for inspection by the Non–Party, if requested.

(c) If the Non–Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the

–14–

Receiving Party may produce the Non–Party's confidential information responsive to the discovery request. If the Non–Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non–Party before a determination by the Court.

Absent a court order to the contrary, the Non–Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If Disclosure or Discovery Material or other information subject to a claim of attorney-client privilege, work-product immunity, or any other applicable claim of privilege or immunity is inadvertently produced or otherwise disclosed to any Party or Non-Party, such production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity for such Disclosure or Discovery Material or other information. Disclosure or Discovery Material or other information subject to a claim of privilege or immunity must be returned as soon as it is discovered, without any need to show the production was inadvertent. The Receiving Party shall not use the inadvertently produced Disclosure or Discovery Material or other information for any purpose.

Upon request by the Producing Party pursuant to this Section, the Receiving Party shall immediately return all copies of such document(s) or thing(s) and shall destroy any derivative document such as a summary or comment on the inadvertently produced information. The Receiving Party may then move the Court for an order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production. If a claim is disputed, the Receiving Party shall not use or disclose any Disclosure or Discovery Material or other information for which a claim of privilege or immunity is made pursuant to this Section for any purpose or until the matter is resolved by agreement of the parties or by a decision of the Court.

This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

**12.**   **MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any Party or Non-Party producing documents subject to its terms to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79–5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material

under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13.   <u>FINAL DISPOSITION</u>

After the Final Disposition of this Action, as defined in paragraph 4, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

## 14.   <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED.**

DATED: May 10, 2022      Respectfully submitted,

                              KIRKLAND ELLIS LLP

                    By /s/ Kristin Rose
                            KRISTIN ROSE

                            DUANE MORRIS LLP
                            Cyndie M. Chang (SBN 227542)
                            CMChang@duanemorris.com
                            865 South Figueroa Street, Suite 3100
                            Los Angeles, California 90017-5450
                            Telephone: (213) 689 7400
                            Fax: (213) 689 7401

                            *Attorneys for Plaintiff Thai Nippon*
                            *Rubber Industry Public Limited*
                            *Company*

                            QUINN EMANUEL URQUHART &
                            SULLIVAN, LLP

                    By /s/ Marshall M. Searcy III
                            MARSHALL M. SEARCY III

                            *Attorney for Defendants Playboy*
                            *Enterprises International, Inc., and*
                            *Products Licensing, LLC*

                            HINSHAW & CULBERTSON LLP

                    By /s/ Gary E. Devlin
                            GARY E. DEVLIN

                            *Attorney for Defendant Nicholai Allen*

1

## <u>SIGNATURE ATTESTATION</u>

2

3      I attest that all other signatories listed, and on whose behalf this filing is
submitted, concur in the filing's content and have authorized the filing.

4                                                    By /s/ Kristin Rose

5                                                        Kristin Rose

6

7

8    **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

9

10   Dated: May 10, 2022

11                                          HON. PATRICIA DONAHUE
                                            United States Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____[print or type full

name], of _____[print or type full

address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States

District Court for the Central District of California on _____, 20__ in the case of

*Thai Nippon Rubber Industry Public Company Limited v. Playboy Enterprises*

*International Inc., et al.*, Case No.  2:21cv9749–JFW–PD. I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order, and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order. I further agree to submit to the jurisdiction of the United

States District Court for the Central District of California for enforcing the terms of

this Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

–20–