GARY E. DEVLIN (SBN 210517)
gdevlin@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone: 310-909-8000
Facsimile: 310-909-8001

Attorneys for Defendant NICHOLAI ALLEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAI NIPPON RUBBER INDUSTRY PUBLIC LIMITED COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>PLAYBOY ENTERPRISES INTERNATIONAL, INC., PRODUCTS LICENSING, LLC, and NICHOLAI ALLEN,<br><br>Defendants. | **Case No. 2:21-cv-09749-JFW-PD**<br><br>(Honorable John F. Walter, Courtroom "7A")<br><br>**HINSHAW & CULBERTSON LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT NICHOLAI ALLEN**<br><br>[Filed Concurrently with Notice of Motion and Motion; Declaration of Gary E. Devlin; and [Proposed] Order]<br><br>**Date:** May 22, 2023<br>**Time:** 1:30 p.m.<br>**Courtroom:** 7A<br><br>**THIS MOTION IS MADE FOLLOWING EFFORTS TO MEET AND CONFER AS MANDATED PURSUANT TO L.R. 7-3<br><br>FAC Filed: 3/16/22<br>Discovery Cut-Off: 08/28/23<br>Motion Hearing Cut-Off: 09/11/23<br>Pre-Trial Conference Date: 10/27/23<br>Trial Date: 12/5/23 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT NICHOLAI ALLEN
Case No. 2:21-cv-09749-JFW-PD
1049453\313262455.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
310-909-0000

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The motion of Hinshaw & Culbertson LLP ("counsel" or "Hinshaw") for leave to withdraw as counsel of record for Defendant Nicholai Allen ("Allen") is made upon numerous well-recognized grounds. At the heart of this Motion is the simple fact Mr. Allen, an individual without insurance coverage for this case, is simply unable to afford Hinshaw's services to defend himself in this case where Plaintiff THAI NIPPON RUBBER INDUSTRY PUBLIC LIMITED COMPANY ("Plaintiff" or "TNR"), an international company, seeks as much as $100 million dollars from the defendants, which include another well-known international company, PLAYBOY ENTERPRISES INTERNATIONAL, INC. ("Playboy"). Each of these entities, unlike Allen, are seemingly unbound by financial constraints in pursuing their respective interests.

Mr. Allen thus cannot authorize (and pay for) counsel's efforts with regard to the discovery of necessary information and documentation for counsel to effectively defend Allen against Plaintiff's claims, including required tasks (e.g., review and analysis of documents produced by the parties expected to exceed a million pages; preparation of affirmative written discovery requests; preparation and attendance at depositions; employment of experts; and preparation of a summary judgment motion), making it unreasonably difficult for counsel to carry out the representation of Allen effectively. Additionally, Allen and counsel have not come to an agreement which will enable counsel to continue to represent Allen for his defense against Plaintiff's allegations, which include non-payment of attorneys' fees and expenses incurred to date related to his representation.

That said, as the trial date for this case is not until December, 2023, the granting of this Motion will not be unduly prejudicial to Allen. There are no

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT NICHOLAI ALLEN
Case No. 2:21-cv-09749-JFW-PD
1049453\313262455.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
310-909-0000

imminent deadlines at this time. Allen thus has sufficient time to hire new (more affordable) counsel, or represent himself in this case, and do all tasks as necessary to defend himself throughout the remainder of this litigation including trial. The other parties to this case and Mr. Allen himself have not expressed a desire to oppose this Motion in response to required meet and confer discussions per the Local Rules.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In this case, Plaintiff sues target defendants herein, Playboy Enterprises International, Inc. and Products Licensing, LLC (collectively "Playboy"), for damages claiming TNR's license to sell Playboy branded condoms (the "subject license") was improperly terminated following an audit conducted by Playboy. It's a complicated case purportedly worth many millions of dollars (according to TNR). However, as between Plaintiff TNR and Defendant Allen, the case is relatively simple.

TNR is suing Mr. Allen for common law Breach of Fiduciary Duty and for Unfair Competition (predicate basis is still breach of fiduciary duty), alleging generally Mr. Allen "covertly" developed a competing product for Playboy "with the goal of using TNR's relationships and credentials with retailers . . . and other resources to sell the product under the Playboy brand for his own benefit rather than TNR's." *See* First Amended Complaint on file with this Court ("FAC") at ¶217. Allen is also described as Playboy's "mole" or "double-agent" throughout the FAC that secretly funneled confidential information about TNR to Playboy, presumably so that Playboy could terminate the subject license.

Allen submits TNR's contentions – at least as to Allen – are pure fiction. Even setting aside the fact Mr. Allen, in his personal capacity, did not work for either party (Allen worked for non-party Monarch Digital Media, LLC ["Monarch"]), and neither he (nor Monarch) had a written contract with TNR for his

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT NICHOLAI ALLEN

Case No. 2:21-cv-09749-JFW-PD
1049453\313262455.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
310-909-0000

services at any time, the truth is that Mr. Allen (via Monarch) worked diligently and successfully as an independent consultant for both TNR and Playboy with relation to different noncompeting products. The working relationship amongst all parties was collaborative and profitable for everyone. Despite the success, Playboy ultimately audited TNR pursuant to the terms of the subject license and terminated same.

The audit is what this case is really about, and Mr. Allen had nothing to do with Playboy's decision to do it, conducting it, or Playboy's ultimate decision. Allen surely did not want to see TNR's license terminated, or to see the other parties to this case become adverse. Indeed, those developments ultimately eliminated Allen's sole source of income via the revenue streams Monarch developed for both parties. When TNR and Playboy became adverse, Mr. Allen withdrew from his working relationships with both of them to avoid any potential for conflict. He did not then – or at any time prior thereto – work for one party or the other as a "mole" or "double agent," and no evidence supporting that far-fetched theory has been proffered by Plaintiff to date. There is thus no apparent foundation in fact or simple logic for TNR's breach of fiduciary duty claim.

When Hinshaw was retained, Allen was merely a witness subject to a very broad subpoena and not a party to this case. It was only after Hinshaw was already retained Allen was added as a named defendant per the operative FAC and counsel learned the gravity of Plaintiff's allegations and Allen's alleged involvement as discussed above. Hinshaw prepared Mr. Allen's Answer and Affirmative Defenses. Hinshaw for Mr. Allen responded to Plaintiff's document requests, and represented him through numerous grueling meet and confer exchanges and helped facilitate the production over 361,492 documents already (hundreds of thousand more than the other parties to this case) from numerous business and personal email accounts, his personal iCloud, and personal text messages and similar exchanges from his phone,

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT NICHOLAI ALLEN

Case No. 2:21-cv-09749-JFW-PD

1049453\313262455.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
310-909-0000

with even more production being furnished presently, which may double his production to date. Hinshaw for Mr. Allen also participated in mediation, which Allen hoped would help facilitate a resolution between the real parties at issue (it didn't). *See* Declaration of Gary E. Devlin ("Devlin Decl.") at ¶3.

Unfortunately, Mr. Allen has largely been unable to pay for Hinshaw's services above and invoices spanning many months are unpaid in whole or in part. Substantial additional work needs to be done for this case, even if it resolves in advance of trial. That work includes, at a minimum, review and analysis of documents produced by the parties expected to exceed a million pages; preparation of affirmative written discovery requests; preparation and attendance at depositions; employment of experts; and preparation of a summary judgment motion. This work and indeed the bulk of the litigation work still remains. Due to his present financial condition, Mr. Allen cannot authorize such work that is necessary to properly defend him in this case, at least not at Hinshaw's rates. *See id.* at ¶¶3-5.

A copy of this Motion was provided to Mr. Allen via email in advance of its filing (and was discussed on the phone in advance) and a copy will be sent by e-mail and overnight mail in conjunction with its formal filing and service to the other parties herein. Meet and confer exchanges with opposing counsel about this Motion was also performed as required per the Local Rules. *See id.* at ¶7.

### III. LEGAL ARGUMENT

#### A. Client's Conduct Can Be the Basis for Permissive Withdrawal

This request to withdraw is within the ambit of the applicable rules. Local Rule 83-2.3.2 provides that an attorney may withdraw as counsel only with leave of the court. The California Rules of Professional Conduct authorize withdrawal when the client "renders it unreasonably difficult for the [attorneys] to carry out the employment effectively." Cal. Rule of Prof'l Conduct 3-700(C)(1)(d). "The determi-

4
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT NICHOLAI ALLEN
Case No. 2:21-cv-09749-JFW-PD
1049453\313262455.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
310-909-0000

nation whether to grant or deny an attorney's motion to withdraw as counsel of record lies within the sound discretion of the trial court, having in mind whether such withdrawal might work an injustice in the handling of the case." *Lempert v. Superior Ct.* (2003) 112 Cal.App.4th 1161, 1173. "A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." L.R. 83-2.3.2. "Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." L.R. 83-2.3.5. Good cause exists in the instant action to permit Hinshaw to withdraw from representation.

When Hinshaw was retained in March 2022, Allen was merely a witness subject to a very broad subpoena and not a party to this case. It was only after Hinshaw was already retained Allen was added as a named defendant per the operative FAC and counsel learned the gravity of Plaintiff's allegations and Allen's alleged involvement. Hinshaw prepared Mr. Allen's Answer and Affirmative Defenses, responded to discovery and participated in mediation as discussed more fully above and in the concurrently filed Devlin Declaration. *Id.* at ¶¶2-3. Mr. Allen has largely been unable to pay for these services as discussed generally herein.

More important to his defense herein, Mr. Allen cannot authorize (and pay for) counsel's efforts with regard to the discovery of necessary information and documentation for counsel to effectively defend Allen against Plaintiff's claims as required by the Federal Rules of Civil Procedure. Such efforts would include review and analysis of documents produced by the parties expected to exceed a million pages; preparation of affirmative written discovery requests; preparation and attendance at depositions; employment of experts; and preparation of a summary judgment motion, making it unreasonably difficult for counsel to carry out the

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT NICHOLAI ALLEN

Case No. 2:21-cv-09749-JFW-PD

1049453\313262455.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
310-909-0000

representation of Allen effectively on a going forward basis. *See id.* at ¶¶3-5. Therefore, Hinshaw seeks this Court's permission to withdraw.

### B. The Client's Failure to Pay Expenses or Fees Is Another Proper and Sufficient Ground for Withdrawal

A client's breach of an obligation to pay a lawyer for services rendered is a recognized ground for permissive withdrawal of counsel. Rule 3-700(C)(1)(f) of the California Rules of Professional Conduct permits an attorney to seek withdrawal if the conduct of the client "breaches an agreement or obligation to the member as to expenses or fees." One of the bases for Hinshaw's withdrawal request herein relates to Mr. Allen's failure to pay his invoices as agreed or to otherwise establish an ability to pay reasonable legal bills both already incurred and those that would be incurred if the representation were to continue. As a result, it is apparent Hinshaw will not be paid for its legal work (at least not in full) for this action. Financial issues are proper grounds for an attorney to withdraw. *See Statue of Liberty-Ellis Island Found. v. International United Indus., Inc.*, 110 FRD 395, 397 (S.D.N.Y. 1986). As noted in *Fidelity National Title Insurance Company of New York v. Intercounty National Title Insurance Company*, "The ABA's *Model Rules of Professional Conduct* state that lawyers are entitled to stop working when clients stop paying." *Id.,* 310 F.3d 537, 540 (7th Cir. 2002). Hinshaw is beyond that point in time already.

Despite Hinshaw's agreement on the terms of representation and the giving of notice that Hinshaw would not be able to continue representation absent a significant payment on past due invoices, Mr. Allen has been unable to make good on past invoices or establish an ability to pay future invoices. *See* Devlin Decl. ¶5. Consequently, Hinshaw has recorded considerable fees in connection with Allen's defense and also expended certain sums out of pocket relating to necessary costs incurred over the past year. *See id.* Thus, Hinshaw has already sustained an

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT NICHOLAI ALLEN
Case No. 2:21-cv-09749-JFW-PD
1049453\313262455.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
310-909-0000

unreasonable financial burden. That burden will only be exacerbated if Hinshaw is required to go forward with continued representation of Mr. Allen through completion of this matter. Therefore, counsel is entitled to permissively withdraw from the representation pursuant to Rule 3-700(C)(1)(f) of the California Rules of Professional Conduct.

### C. The Granting of This Motion for Leave to Withdraw Will Not Prejudice Defendant Allen and Will Not Unreasonably Delay the Prosecution of This Action

Rule 3-700(A)(2) of the California Rules of Professional Conduct requires withdrawing counsel to take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) [relating to releasing, upon the client's request, client papers and property reasonably necessary to the client's representation], and complying with applicable laws and rules." Cal. Rules of Prof'l Conduct 3-700(A)(2).

As the trial date for this case is not until December, 2023, the granting of this Motion will not be unduly prejudicial to Mr. Allen. There are no imminent deadlines at this time. Allen thus has sufficient time to hire new (more affordable) counsel, or represent himself in this case, and do all tasks as necessary to defend himself throughout the remainder of this litigation, including trial. *See* Devlin Decl. at ¶6. Therefore, a withdrawal at this time will not prejudice Allen. Counsel will release its files to any attorney Allen designates (or to Allen himself) once the Court orders a withdrawal to take place or immediately upon Allen's demand. Counsel does not intend to stand in the way of Allen seeking alternate representation. *See id.* at ¶¶6-7.

///

///

7
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT NICHOLAI ALLEN
Case No. 2:21-cv-09749-JFW-PD
1049453\313262455.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
310-909-0000

## IV. CONCLUSION

Because Allen has not been able to authorize and pay for the discovery of necessary information and other tasks to enable Hinshaw to defend Allen against the current action, and has not made any arrangement for payment for legal services already provided on Allen's behalf, Hinshaw respectfully requests that the present Motion to withdraw be granted and that Hinshaw as the named counsel of record for Allen be granted leave to withdraw.

DATED: April 19, 2023

HINSHAW & CULBERTSON LLP

By: */s/Gary E. Devlin*
GARY E. DEVLIN
Attorneys for Defendant NICHOLAI ALLEN

8
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT NICHOLAI ALLEN
Case No. 2:21-cv-09749-JFW-PD
1049453\313262455.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
310-909-0000

# PROOF OF SERVICE

***Thai Nippon Rubber Industry Public Limited Company v. Playboy Enterprises International, Inc., et al.***

Case No.  2:21-cv-09749-JFW-PD

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 350 South Grand Ave., Suite 3600, Los Angeles, CA 90071-3476.

On **April 19, 2023**, I served the document(s) entitled, **HINSHAW & CULBERTSON LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT NICHOLAI ALLEN**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

## SEE ATTACHED SERVICE LIST

☒ **(VIA OVERNIGHT MAIL)**:  I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

☒ **(BY ELECTRONIC MAIL)**:  By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☒ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **April 19, 2023**, at Los Angeles, California.

*/s/ Robin Mojica*
Robin Mojica

# SERVICE LIST

*Thai Nippon Rubber Industry Public Limited Company v. Playboy Enterprises International, Inc., et al.*
Case No. 2:21-cv-09749-JFW-PD

**VIA CM/ECF**

| | |
|---|---|
| Cyndie M. Chang (SBN 227542) <br> CMChang@duanemorris.com <br> Angelica Zabanal (SBN 303329) <br> AAZabanal@duanemorris.com <br> Diane Byun (SBN 337155) <br> DByun@duanemorris.com <br> DUANE MORRIS LLP <br> 865 South Figueroa Street, Suite 3100 <br> Los Angeles, CA 90017-5450 <br> Phone: 213-689-7400 <br> Fax: 213-689-7401 | Attorneys for Plaintiff <br> THAI NIPPON RUBBER INDUSTRY PUBLIC LIMITED COMPANY |
| Mark Holscher (SBN 139582) <br> mark.holscher@kirkland.com <br> Kristin Rose (SBN 278284) <br> kristin.rose@kirkland.com <br> KIRKLAND & ELLIS LLP <br> 555 South Flower Street <br> Los Angeles, CA 90071 <br> Phone: 213-680-8400 <br> Fax: 213-680-8500 | Attorneys for Plaintiff <br> THAI NIPPON RUBBER INDUSTRY PUBLIC LIMITED COMPANY |
| Marshall M Searcy , III (SBN 169269) <br> marshallsearcy@quinnemanuel.com <br> Scott B Kidman (SBN 119856) <br> scottkidman@quinnemanuel.com <br> QUINN EMANUEL URQUHART AND SULLIVAN LLP <br> 865 South Figueroa Street 10th Floor <br> Los Angeles, CA 90017 <br> Phone: 213-443-3000 <br> Fax: 213-443-3100 | Attorneys for Defendant <br> PLAYBOY ENTERPRISES INTERNATIONAL, INC. and PRODUCTS LICENSING, LLC |

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
310-909-0000

# SERVICE LIST

*Thai Nippon Rubber Industry Public Limited Company v. Playboy Enterprises International, Inc., et al.*
**Case No. 2:21-cv-09749-JFW-PD**

## VIA EMAIL & OVERNIGHT MAIL

Nicholai Allen                          Defendant
10911 Lindley Ave.
Granada Hills, CA 91344
Email:  nicholai.allen@gmail.com

2
SERVICE LIST
Case No. 2:21-cv-09749-JFW-PD
1049453\313262455.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
310-909-0000